## BUCKINGHAM *vs.* SMITH.

To take a case out of the statute of limitations, the acknowledgment of indebtedness proved, must be shown to relate to the particular demand in question.

An acknowledgment of an indebtedness upon the aggregate of several claims, but which neither refers to any particular claim, nor to one debt only, is not sufficient to take a case out of the statute.

Whether in an action upon a promissory note, declarations of the defendant, who had pleaded the statute of limitations, which amounted to such acknowledgment, are, or are not admissible in evidence ?—*Qu.* ?

Where in such action the court refused to instruct the jury that such declarations were sufficient to take the case out of the statute, but submitted to them the question whether they did, or did not, relate to the note in suit, and instructed them that if they had such reference, they were sufficient for that purpose ; held, that the plaintiff was not entitled to a new trial.

THIS was an action in favor of Benjamin Buckingham against John C. Smith, administrator on the estate of Perry Smith, deceased, founded upon a promissory note, executed by said Perry Smith in his life-time.

The defendant pleaded the statute of limitations.

On the trial, the execution of the note by the deceased was proved, but the defendant relied upon the statute of limitations, and the plaintiff upon the new promise set up in his replication.

A witness for the plaintiff testified that, in 1837, the deceased admitted that he owed the plaintiff a large sum of money, and said he wanted to settle and get rid of him; and that in 1851, the deceased said that the plaintiff held notes, receipts, and accounts against him, and he was determined to have a settlement of all their concerns, and admitted that he should owe him after all.

. The plaintiff testified,. that on one occasion, about four years before the trial, he proposed to the deceased, that the deceased should take his own notes in payment of a claim in said Smith's hands against the plaintiff, and in favor of a Mrs. Comstock. Said Smith refused to do so, and said that

he would pay the notes in some other way. And on another occasion, Smith told him that all he owed him would be settled up and made right. These two witnesses also testified to acknowledgments of indebtedness to the plaintiff on notes, receipts and accounts, made by said Smith more than seventeen years before his death.

The plaintiff also produced two other notes against said Smith, dated previous to 1814. It was not claimed, that at any time since the date of the note in suit, it had ever been presented to, or seen, by said deceased, or that it was ever present when any acknowledgment of any kind was claimed to have been made by him.

The plaintiff claimed that the above acknowledgments referred to the note in suit, as well as to other claims, and were sufficient to take the note out of the operation of the statute of limitations.

The defendant denied that any acknowledgments of indebtedness were ever made by the deceased to the plaintiff, and claimed that the evidence to prove the same was not worthy of credit. He also claimed, to the jury, that if acknowledgments of indebtedness of any sort were ever made by the deceased, they had no reference to the note in suit.

The court submitted the question to the jury, whether the deceased at any time within seventeen years before the suit was brought, had admitted or recognized the note as a subsisting debt, or had promised to pay it, telling them that the acknowledgments sworn to on the part of the plaintiff, if they, or any one of them, had reference to the note in suit, were sufficient to take the case out of the statute, but that the burden of proof was upon the plaintiff to show that the deceased had so recognized and promised to pay the notes, and that if they were not satisfied of this, they ought to render a verdict for the defendant; but if they were satisfied that the deceased at any time within seventeen years before the suit was brought, recognized the note as due, or had promised to pay it, their verdict ought to be for the plaintiff.

The defendant having obtained a verdict, the plaintiff thereupon moved for a new trial.

*Sanford* and *Orton* for the plaintiff.

*Seymour* and *Woodruff* for the defendants.

Storrs, J.   The principle, on which the defendant relies for a new trial, is a well settled and familiar one; that an absolute acknowledgment of a debt as subsisting, is sufficient to raise an implication of a promise to pay it, so as to take the case out of the statute of limitations.   But the very statement of this principle, implies that the acknowledgment must be shown to relate to the particular debt in question. The burden of proving the requisite acknowledgment rested on the plaintiff, in this case, and the real question on the trial was, whether such an acknowledgment was shown by the declarations claimed to have been made by the defendant's intestate.   Those declarations purported to refer to no particular claim or debt, but amounted only to an acknowledgment that a balance would be due, from the intestate to the plaintiff, upon a settlement or adjustment of several claims which the plaintiff held against him ; and it was also shown by the plaintiff himself, that when those declarations were made, he held several claims, or evidences of debt, against the intestate.   If those declarations had purported to refer to the claim in question in this suit, or to refer to one claim only, and there had been no evidence to shew that there were others to which they could have referred, they would clearly have constituted sufficient evidence of a new promise to pay the debt in question, so as to support the replication. But as they were acknowledgments only of a balance due on the aggregate of several claims, we are of opinion that they did not prove that there was any thing due on any one of them in particular, and therefore that they were not a sufficient acknowledgment of the note declared on.   If the dec-

larations of the intestate, claimed to be proved in this case, amounted to an acknowledgment that the note in question was due, they would also amount to a similar acknowledgment as to each of the claims held against him by the plaintiff, and would enable the latter to recover all of them. This would manifestly be a perversion of the import of those declarations. In this view we are strongly inclined to the opinion, that the judge below should have excluded those declarations as inadmissible for the purpose for which they were offered, and that the course he took was over favorable to the plaintiff. But if they were inadmissible for that purpose, the most that the plaintiff could require was that the question should be submitted to the jury, whether they related to the note in question in the case; which was the course taken, and of which the plaintiff can not justly complain. See *Frost* v. *Bengough*, ⚓Bing., 266. *Beale* v. *Nind*, 4 B. & A., 571. *Lloyd* v. *Maund*, 2 T. R., 762.

The plaintiff has not pursued his exception to the exclusion of the evidence offered by him on the trial, and we see no ground on which that evidence was relevant. We therefore do not advise a new trial.

In this opinion the other judges concurred, except HIN-MAN, J., who was disqualified.

A new trial not granted.