WILLIAM O. COOK AND ANOTHER *vs.* CHARLES T. MARTIN.

A new promise, to save a debt from the operation of the statute of limitations, must have been made with reference to the particular debt; but whether it was so made is wholly a question of fact for the jury, and no legal evidence, which in any measure tends to prove it, can properly be rejected.

Two independent claims were held by the plaintiff against the defendant,—one an account, the other a note—a statement of which, on a single piece of paper, was presented to the defendant soon after they fell due, and admitted by him as so presented. Five years afterwards the defendant made a general acknowledgment of indebtedness to the plaintiff, and promised to pay him *what he owed him.* In a suit on the note and account, to which the defendant pleaded the statute of limitations, and in which the plaintiff offered evidence of the new promise, it was held, that the evidence was not to be rejected on the ground that the promise was too general and indefinite, but that the question of its application was one for the jury.

ASSUMPSIT, upon a note and a book account, both of which became due at different dates in the year 1850. The claims were originally owned by the plaintiffs as partners under the name of Eddy & Cook. The defendant pleaded the statute of limitations. Upon the trial of the cause to the jury, the plaintiffs, for the purpose of proving a new promise, offered the plaintiff Cook as a witness, who testified that in the year 1855 he had a conversation with the defendant, in which he asked him if he could pay him what he owed him; to which the defendant replied that he could not then, but if he would come

to Hartford the next summer he would then pay him ; that he did not wish him to make him any expense, and that he ought to be paid. Cook further testified that, in 1850, he purchased of the plaintiff Eddy his interest in the claims, and that afterwards, at sundry times during that year, he presented them to the defendant upon one piece of paper, and that he promised to pay them ; and that neither he nor the firm of Eddy and Cook had at any time any other claim or claims against the defendant. To all this testimony the defendant objected, on the ground that the promise of 1855 was too ambiguous and indefinite, both in itself and in connection with the other evidence stated, to go to the jury as evidence of a new promise to pay the debts for which the suit was brought; which objection was sustained by the court and the entire evidence ruled out. Judgment having been rendered for the defendant, the plaintiffs moved for a new trial.

*L. F. Robinson* and *H. C. Robinson*, in support of the motion.

1. The mere fact that there were two claims which became due at different times, did not necessarily render the new promise ambiguous and indefinite. The entire indebtedness was, by the act of the parties, made one debt. It became an account stated. A promise to pay what the defendant owed was therefore sufficiently specific and unambiguous. *Lord* v. *Harvey*, 3 Conn., 370. *Austin* v. *Bostwick*, 9 id., 496. *Buckingham* v. *Smith*, 23 id., 453. *Bailey* v. *Crane*, 21 Pick., 323. *Barnard* v. *Bartholomew*, 22 id., 291. *Shaw* v. *Newell*, 2 R. I., 264. *Woodbridge* v. *Allen*, 12 Met., 471. *Gardner* v. *McMahon*, 3 Q. B., 561. *Peterson's Exrs.* v. *Ellicott*, 9 Md., 52. *Davis* v. *Herring*, 6 Missouri, 21. *Sluby* v. *Champlin*, 4 Johns., 461. *Smith* v. *Leepee*, 10 Ired., 86. *Walker* v. *Butler*, 37 Eng. L. & Eq., 13.

2. The burden of proving that the new promise was not intended to apply to the debt in suit rested on the defendant. 2 Greenl. Ev., § 441. *Whitney* v. *Bigelow*, 4 Pick., 110. *Dinsmore* v. *Dinsmore*, 21 Maine, 433. *Peterson's Exrs.* v.

*Ellicott,* supra. *Frost* v. *Bengough,* 1 Bing., 266. *Baillie* v. *Inchiquin,* 1 Esp., 435.

3. The question whether the new promise applied to the debt in suit was wholly a question for the jury, and the court had no right to take it out of their hands. *Walker* v. *Butler,* supra. *Peterson's Exrs.* v. *Ellicott,* supra. *Coles* v. *Kelsey,* 2 Texas, 541. *Shaw* v. *Newell,* supra. *Guy* v. *Sams,* 6 Gill, 87. *Burn* v. *Boulton,* 2 Mann. Grang. & Scott, 476.

*Hubbard,* contra.

1. The new promise was too ambiguous to revive the debt. The law requires that a new promise must be as explicit as the original. In this case the two claims were distinct, and fell due at different times, and neither was ever distinctly presented to the defendant. Now if either of these claims was revived, both were; if both were, any other claims whatever might have been if included in the plaintiffs' demand. *Buckingham* v. *Smith,* 23 Conn., 453. *Clark* v. *Sigourney,* 17 id., 517. *Brown* v. *Keach,* 24 id., 76. *Moore* v. *Bank of Columbia,* 6 Pet., 86. *Peebles* v. *Mason,* 2 Dev. (Law,) 367. *Arey* v. *Stephenson,* 11 Ired. (Law,) 86. *Lockhart* v. *Eaves,* Dudley (So. Car.,) 321. *Bailey* v. *Crane,* 21 Pick., 323. *Stafford* v. *Bryan,* 3 Wend., 532. *Clark* v. *Dutcher,* 9 Cowen, 677. *Shitler* v. *Bremer,* 23 Penn. S. R., 413. *Burr* v. *Burr,* 26 id., 284. *Pray* v. *Garcelon,* 17 Maine, 145. *Burn* v. *Boulton,* 2 Mann. Grang. & Scott, 476. Again, the entire evidence of the new promise comes from one of the plaintiffs, and must be taken strongly against the claim.

2. The evidence being all stated, and the court being able to see that the promise was insufficient, a new trial ought not to be granted, since the jury could not have been justified in finding for the plaintiffs upon it, and no harm has therefore been done by its exclusion.

SANFORD, J. The whole evidence offered by the plaintiffs to relieve their demand from the operation of the statute of limitations, was objected to, and rejected, because it was said that the new promise, claimed to have been made in 1855, was

too ambiguous, uncertain and indefinite, both in itself, and in connection with the evidence of what transpired between the parties in 1850, to go to the jury as evidence of a new promise or acknowledgment by the defendant, of the debts for which the suit was brought.

We think the evidence ought to have been received. For although it is true, that in order to relieve a debt from the operation of the statute of limitations by force of a new promise or acknowledgment by the debtor, it must be shown that such promise or acknowledgment was made with reference to the very claim in suit, yet, whether it was or not, is a question of fact for the jury to decide, and no evidence which in any measure tends to prove it can rightfully be rejected. It can not be true, that whenever there are two or more independent claims or debts, evidence of a general acknowledgment of indebtedness is to be rejected, merely because the particular claim in suit is not specifically designated by the parties at the time. Every kind of legal evidence conducing to prove the recognition of the claim or claims in suit as still subsisting, and the debt as one of the debts referred to and spoken of by the defendant in his acknowledgment or promise, should be submitted to the jury. That was the course pursued by the superior court, and sanctioned by this court, in the case of *Buckingham* v. *Smith*, 23 Conn., 453. As already remarked, the new promise or acknowledgment must undoubtedly have reference to the very claim in suit, but, to prove such reference, direct evidence is no more necessary than it is to prove any other fact in controversy in our courts. "If," says Parker, Ch. J., in *Whitney* v. *Bigelow*, 4 Pick., 112, "there be words of acknowledgment or promise without declared reference to the debt in question, it is for the jury to determine from the circumstances in evidence whether reference was had to the debt which is sought to be recovered."

In this case the plaintiff offered to prove that, in 1850, the two demands now in suit were exhibited on one piece of paper to the defendant, and that he thereupon promised to pay them. He knew therefore that the plaintiffs claimed that he owed them the aggregate amount of both the book debt and the

Cook *v.* Martin.

note, and in 1855 the defendant was inquired of by Cook if he could pay him " *what he owed him,*" and replied that he could not then, but would do so another summer. It may fairly be presumed that the parties respectively understood each other, and intended to be understood, as speaking of the aggregate debt so exhibited to and acknowledged by the defendant in 1850. Indeed, the very terms of the inquiry and of the answer include both of these demands. However numerous the items of indebtedness from one individual to another, they all together constitute what the former owes to the latter, and a promise of the former to pay the latter " what he owes him," *prima facie,* if not conclusively, includes them all. The question is not, whether the evidence offered was sufficient to prove that the defendant's acknowledgment and promise had reference to both of these items of demand, or either of them, or not, but whether it would have conduced to prove such reference. That it would, we entertain no doubt, and therefore are of opinion that it ought not to have been rejected.

We therefore advise a new trial.

In this opinion the other judges concurred.

New trial advised.