JAMES LEE *vs.* JOHN WYSE AND OTHERS.

*W*, a member of the firm of *W & Co.*, held the legal title to a farm as trustee for *W & Co.* In 1849 *L* took possession of the farm as a farm tenant, under an arrangement with *W*, and occupied it until 1866. During this time he made a parol contract with *W* for the purchase of the farm, and paid part of the purchase money to *W & Co.* In 1863 *W & Co.* repudiated the contract, and offered the farm for sale, and in 1866 sold it to another party. In assumpsit upon the common counts by *L* against *W & Co.* to recover a balance due upon a settlement of all accounts with them, including the amount paid under the contract of purchase, it was held,—1. That the suit was properly brought against *W & Co.* 2. That the acts of the defendants in repudiating the contract of purchase, and selling the farm to another party, were equivalent to a rescission of the contract, and that the plaintiff was entitled to recover the purchase money paid.

Part of the plaintiff's demand accrued more than six years before the suit was brought. At a conversati n between the plaintiff and one *S*, in the presence of *W*, relating to a settlement of accounts between the plaintiff and defendants, *S* said to the plaintiff, "When will you come up and settle?" Plaintiff replied, "In a day or two." *S* rejoined, "That is right, and if *W* owes you any-

Lee *v.* Wyse.

thing he will pay you;" to which *W* assented. Held a sufficient acknowledgment by *W* to remove the bar of the statute of limitations.

Where a portion of an account is barred by the statute of limitations and a portion not, the question whether an acknowledgment of indebtedness was intended to apply to the whole account or only to the part not barred, is one of fact for the jury.

Assumpsit upon the common counts; brought to the Superior Court in Middlesex county, and tried to the jury upon the general issue, with notice of the defence of the statute of limitations, before *Granger, J.* The defendants were partners under the name of Wyse & Co. The claim of the plaintiff was upon a general account, including charges for money paid on a contract, which had been rescinded, for the purchase of certain real estate. The jury having rendered a verdict for the plaintiff, the defendants moved for a new trial for errors in the rulings of the court upon the admissibility of evidence, and in the charge to the jury. The case is fully stated in the opinion.

*Warner* and *Bacon,* in support of the motion.

1. The case discloses:—1st. The legal title of the farm in John Wyse. 2d. A leasing by him to the plaintiff. 3d. An agreement by him to sell to the plaintiff. 4th. That this suit is predicated upon such contracts of letting and sale against *Wyse & Co.* Upon these facts the action cannot be sustained. Wyse & Co. had no legal interest in the subject matter of the contracts, and were not parties to them in any other way than as *cestuis que trust.* In such case the trustee, and not the person ultimately interested, is the proper party to the action. It can be brought only by or against those parties who have the legal interest. 1 Chitty's Pl. 2; *Treat* v. *Stanton,* 14 Conn., 445.

2. Evidence of the contract of sale was not admissible under the common counts. The plaintiff's position is that Wyse & Co. repudiated the contract. The answer to this is, that they were not parties to the contract, and had neither the power nor authority to rescind it. But even if they had such power, the contract was not such as could be rescinded

so that an action on the general counts would lie.   There had been an occupancy of eight years under the contract.   The parties after rescission could not be placed *in statu quo. Hunt* v. *Silk,* 5 East, 449.

3.   The evidence offered to remove the bar ˙of the statute of limitations, was not competent.   1st.   The words used imported neither an acknowledgment of, nor a promise to pay any debt, nor even a subsisting obligation to any one.   By its terms the conversation related to a private debt.   But the plaintiff claims it to relate to a debt of Wyse & Co.   The language was ambiguous and its meaning was for the jury. 2 Greenl. Ev. § 442 ;  *Lloyd* v. *Maund,* 2 T. R., 760.   The construction of the words used, and the intention of Strong and Wyse in using them, were questions for the jury in the light of all the circumstances of the case.   The court by its instructions took these questions from the jury entirely. 2d.   But taking the promise as claimed by the plaintiff, it was conditional.   The condition ˙was that if the plaintiff would make an amicable settlement with Wyse, he would pay any balance then found due.   That contingency has never happened.   The condition in an acknowledgment must ˙be performed.   *Bell* v. *Morrison,* 1 Pet., 362 ;  *Mumford* v. *Freeman,* 8 Met., 432 ;  *Robbins* v. *Otis,* 3 Pick., 4.   3d.   Part of the account was barred by the statute, and part was not.   A general promise to pay a debt, a part of which is barred by the statute, must affirmatively appear to refer to that part which is barred rather than the other.   *Morgan's Adm'rs* v. *Walton,* 4 Penn. S. R., 321 ;  1 Smith's Lead. Cas., 615.

*A. Hall,* contra, cited, as to the admissibility of the evidence, *Lyon* v. *Annable,* 4 Conn., 350 ;  *Farrer* v. *Nightingal,* 2 Esp., 639 ;  1 Swift Dig., 287, 400 ;  and as to the statute of limitations, *Lord* v. *Harvey,* 3 Conn., 370 ;  *Bound* v. *Lathrop,* 4 id., 336 ;  *Marshal* v. *Dalliber,* 5 id., 480 ;  *De Forest* v. *Hunt,* 8 id., 179 ;  *Coit* v. *Tracy,* id., 268 ;  *Austin* v. *Bostwick,* 9 id., 496 ;  *Buckingham* v. *Smith,* 23 id., 453 ;  *Brown* v. *Keach,* 24 id., 73.

CARPENTER, J.  In 1849 the plaintiff took possession of a farm belonging to the defendants, the legal title of which was in John Wyse, one of the defendants, and occupied it as their tenant seventeen years.  During this time he made a parol contract with John Wyse for the purchase of the farm, and paid a part of the purchase money.  In 1863 the defendants repudiated the contract, and offered the farm for sale, by advertisement and otherwise, and in fact sold it in 1866 to another party.

This action is brought to recover a balance due the plaintiff, upon a settlement of all the accounts between the parties, including the amount paid under the contract of purchase.

One claim of the defendants is, that the purchase money paid by the plaintiff cannot be recovered in this action, for the reason that it does not appear that the contract was ever rescinded; and the evidence was objected to upon that ground. We think the evidence was properly received.  The defendants not only repudiated the contract, but put it out of their power to fulfill it by selling and conveying the property to another party.  That was certainly equivalent to a rescission of the contract on their part, and their obligations to refund the purchase money thereby became fixed.

Another objection made by the defendants was, that inasmuch as John Wyse held the legal title to this property as trustee for Wyse & Co., the suit could not be maintained against Wyse & Co., and they requested the court so to charge the jury.  The court did not comply with this request, but charged the jury, so far as this objection is concerned, that the suit could be maintained.

We think this course was correct.  The case finds that the farm belonged to the defendants.  The firm of Wyse & Co., · as a partnership, could not hold the legal title to real estate, and for that reason probably it was vested in John Wyse, one of the partners.  When he leased the property to the plaintiff it is fair to presume that he acted for the firm, the real owner, especially as there is nothing in the case to indicate that he was acting in any other capacity.  In respect to the purchase money, it is expressly found that it was paid to

Wyse & Co. They having received the money we see no reason why they are not the parties to refund it. It is not an action brought to compel the specific performance of the contract; nor is it an action to recover damages for the breach of the contract: but the action is brought upon the supposition that the contract is inoperative, and no longer in force for any purpose. Inasmuch as the defendants, being the equitable owners of the estate, received the money in part payment therefor as parties to the contract, we have no doubt of their liability to refund it.

The only remaining question in the case has reference to the statute of limitations. It seems that a large part of the plaintiff's demand was of more than six years standing; and the question was whether the case was taken out of the statute by the acknowledgment and admission of the defendants. The plaintiff claimed to have proved, as stated in the motion, "that the said John Wyse had several times requested the plaintiff to present his account for the purpose of settlement; that he had sent a Mr. Fenn in the fall of 1866 to the plaintiff to get his account and have him come and settle; and that also in the fall of 1866 the said John Wyse and a Mr. Strong came together to the house of the plaintiff, that the said Strong advised a settlement of the accounts between the plaintiff and the said Wyse & Co., and that the said Strong then said to the plaintiff, 'When will you come up and settle?' that the plaintiff replied, 'In a day or two;' that the said Strong replied, 'That is right, and if Col. Wyse,' meaning the said John Wyse, 'owes you anything he will pay you;' that this was said in the presence of said John Wyse, of whom the said Strong inquired, 'That's right, isn't it, Colonel?' and Wyse replied, 'I suppose so;' and that all these admissions and requests were made in reference to the account of the plaintiff with the said Wyse & Co., and the subject matter of this suit."

The defendants requested the court to charge that if the admissions of John Wyse were made as claimed by the plaintiff they were not sufficient to remove the bar of the statute of limitations, and that, it being admitted that a part of the

Lee *v.* Wyse.

account was not barred by the statute, the law would, if any general acknowledgment of indebtedness had been made, apply it only to that part of the accounts which was not barred by the statute. The court charged the jury upon this point as follows:—"The statute of limitations has run upon a great portion of this account, but if the defendants have waived their right to the protection of the statute, the indebtedness still continues. There are three acts which, if done by a debtor, may be deemed a waiver of the benefit of the statute. First, a promise to pay the debt. Second, an acknowledgment of the debt. Third, part payment of the debt. The plaintiff claims that John Wyse, one of the defendants, has acknowledged the debt, and admitted the liability of the defendants, and promised to pay if anything was found due; and if you find that such a conversation took place between Strong and the plaintiff as he claims, in the presence of Wyse, and that all the facts in this part of the case are as claimed by the plaintiff, it is sufficient to take the case out of the statute." If the jury understood the last sentence as referring to the claims of the plaintiff as enumerated in the charge, then the case would seem to be entirely free from difficulty; for in that case the jury must have found not only an acknowledgment and admission of the debt, but an express promise "to pay if anything was found due." But even if the latter part of the charge was understood as referring to the plaintiff's claims as stated elsewhere in the motion, in connection with the conversation in question, we think the jury were justified in finding a promise. Mr. Strong, in the presence of Wyse, assumed to speak for him and promise payment of whatever might be owing to the plaintiff. Wyse expressed no dissent, but, when appealed to by Mr. Strong, ratified his act, and virtually re-affirmed what he had said. And the jury must have found that that conversation referred to the subject matter of the suit.

Whether this conversation referred to the whole account, or to that part of it accruing within six years, was a question for the jury; and they have found that it referred to the whole. The defendants' counsel have argued the case as

though the promise was a conditional one. The only condition seems to have been that something should be found due. If anything was due, the promise to pay was absolute.

We see nothing erroneous in the charge, and a new trial must be denied.

In this opinion the other judges concurred.