### WILLIAM W. BLAKEMAN *vs.* ELISHA H. FONDA.

41 561
73 346

An express promise to pay a debt is not necessary, to remove the bar of the statute of limitations.

An unequivocal acknowledgment of an existing indebtedness is sufficient, as the law implies a promise to pay.

Where a debtor said to his creditor, "If you will call in two weeks I will pay you something on the debt, I can not tell how much," it was held to be an unqualified recognition of his liability to pay the whole debt, and that the court below committed no error in holding it to be such an acknowledgment as removed the bar of the statute.

ASSUMPSIT, for goods sold; brought to the Court of Common Pleas of New Haven County, and tried on the general issue, closed to the court, with notice of the statute of limitations, before *Robinson, J.* The court found the following facts :—

The debt for which suit was brought was the only debt ever due from the defendant to the plaintiff, and was incurred more than six years before the commencement of the suit; and the defendant had resided in the state for six years or more last before the commencement of the suit.

The new promise relied on by the plaintiff to remove the bar of the statute of limitations was founded on the following words, spoken under the following circumstances:

Blakeman *v.* Fonda.

On or about May 1st, 1874, the plaintiff, in company with his brother, called at the works of the Connecticut Oil Extracting Company, at which the defendant was employed, and in the presence of no other witness than his brother, told the defendant that he had stopped to see if he would not pay him something on that old bill. The defendant replied:— " I cannot *now,* I haven't any money ; I am hard up ; it should have been paid before, but I was ·hard up." The conversation then proceeded as follows :—*Plaintiff.* " Can't you pay me something on the bill, if it isn't more than five dollars ? ". *Deft.* " I can't, I hav'nt any money." *Plaintiff.* " Can't you give me an order on the company you are working for ? " *Deft.* ·" I can't ; I have use for all that is coming to me." *Plaintiff.* " When can you pay me something on this claim ? " *Deft.* " I don't know exactly when I can, but I will before long." *Plaintiff.* " Can't you pay me something when you get paid up ? " *Deft.* " I will if I can." *Plaintiff.* " If I come over on pay day will you let me have something ? " *Deft.* " I will try to." *Plaintiff.* " When is your pay day ? " *Deft.* " It is the 10th, but sometimes runs over to the 15th." *Plaintiff.* " State a time when you will pay something on this bill that I may know when to call on you ? " *Deft.* " If you will call in two weeks I will pay you something on it ; I cannot tell how much." No other conversation than the foregoing occurred between the plaintiff and defendant in reference to this debt.

The Connecticut Oil Extracting Company was factorized in the suit. At the time the process was served on the company, it was indebted to the defendant in the sum of $79.

Upon these facts the defendant claimed :—1. That the words spoken, under the circumstances, did not constitute such an acknowledgment of an ·existing indebtedness, and such a new promise, as would be sufficient in law to remove the bar of the statute of limitations.—2. That if they did constitute a new promise, such new promise was a conditional one, and that the plaintiff could not recover without proof that the conditions of the promise had been complied with, and without proof of the defendant's ability to pay the

debt.—3. That if they constituted an unconditional new promise, such new promise went only to a part of the debt claimed to be due by the plaintiff, and would not in law be sufficient to revive the whole.

The court overruled these claims of the defendant, and found the issue for the plaintiff, and rendered judgment for the whole amount of the debt. The defendant brought the record before this court by a motion in error.

*Hamilton*, for the plaintiff in error.

1. The admissions and words of the defendant, spoken under the circumstances, are not sufficient in law to constitute even a qualified new promise. There must have been an unqualified and direct admission that the debt was still due, and an express promise to pay it. 2 Greenl. Ev., §§ 440, 441 ; *Bell* v. *Morrison*, 1 Peters, 364; *Ventris* v. *Shaw*, 14 N. Hamp., 426 ; *Moore* v. *Bank of Columbia*, 6 Peters, 93; *A' Court* v. *Cross*, 3 Bing., 332 ; *Hart* v. *Prendergast*, 14 Mees. & Wels., 741. No new promise can be inferred, unless the language used, and the circumstances under which the words relied on were spoken, show that the defendant knowingly and intentionally relinquished the protection of the statute. 3 Parsons on Cont., (5th ed.) 67 ; 2 Greenl. Ev., § 442 ; *Hart's Appeal from Probate*, 32 Conn., 539 ; *Porter* v. *Hill*, 4 Greenl., 41 ; *Fries* v. *Boisdelet*, 9 Serg. & R., 133; *Frey* v. *Kirk*, 4 Gill & Johns., 509 ; *Cohen* v. *Aubin*, 2 Bailey, 283 ; *Atwood* v. *Coburn*, 4 N. Hamp., 318 ; *Manning* v. *Wheeler*, 13 id., 486 ; *Ventris* v. *Shaw*, 14 id., 422.

2. If the words were sufficient to constitute a new promise of any kind, it was not such a promise as in this case will remove the bar of the statute.—1st. If any promise was made by the defendant, it was only a conditional one ; and the onus still rests on the plaintiff of showing that the condition has been fulfilled, and without such proof the plaintiff cannot recover. 2 Greenl. Ev., § 440 ; *Tanner* v. *Smart*, 6 Barn. & Cress., 603, 609; *Ayton* v. *Bolt*, 4 Bing., 105; *Haydon* v. *Williams*, 7 id., 167; *Tompkins* v. *Brown*, 1 Denio, 249 ; *Allcock* v. *Ewen*, 2 Hill (S. C.), 326 ; *Cocks* v. *Weeks*,

7 Hill, 45 ; *Pritchard* v. *Howell*, 1 Wis., 131 ; *Wakeman* v. *Sherman*, 9 N. York, 90 ; *Hart* v. *Prendergast*, 14 Mees. & Wels., 744 ; *Kensington Bank* v. *Patton*, 14 Penn., 483 ; *Mullett* v. *Shrumph*, 27 Ill., 107.—2d. The promise, if made, did not go to the whole debt, nor to any *definite* part of it. The statute is one of repose and completely discharges and extinguishes the whole debt as effectually as insolvency, bankruptcy, or the release of the creditor. *Belote* v. *Wynn*, 7 Yerg., 543 ; *Wakeman* v. *Sherman*, 9 N. York, 90 ; *Tippetts* v. *Heane*, 4 Tyrw., 775 ; *Sands* v. *Gelston*, 15 Johns., 519. The promise must therefore comprise that indebtedness from which the bar is sought to be removed. *Bell* v. *Morrison*, 1 Peters, 365 ; *Smith* v. *Eastman*, 3 Cush., 355. The promise, to be binding for the whole debt, must cover the whole debt. *Morgan's Admrs.* v. *Walton*, 4 Penn. S. R., 321 ; *Sutton* v. *Burrus*, 9 Leigh, 385 ; *Gardner* v. *Tudor*, 8 Pick., 206 ; *Gould* v. *Shirley*, 2 Moore & Payne, 584 ; *Gray* v. *Lawridge*, 2 Bibb, 284 ; *Hart* v. *Prendergast*, 14 Mees. & Wels., 740 ; *Wakeman* v. *Sherman*, 9 N. York, 91.

3. The object and purpose of the statute are to bar old and stale claims, whether paid or not. The lapse of time may have destroyed all rebutting testimony ; and the laches of the plaintiff to prosecute his claim may have caused the defendant to be alike careless of preserving any evidence of the amount due. The statute should be construed as any other wholesome and beneficial law, and is entitled to the same respect. 3 Parsons on Cont. (5th ed.), 62, 63 ; Angell on Limitations, § 23 ; *Spring* v. *Gray*, 5 Mason, 523 ; *A' Court* v. *Cross*, 3 Bing., 329 ; *Hart* v. *Prendergast*, 14 Mees. & Wels., 741 ; *Kensington Bank* v. *Patton*, 14 Penn., 479, 483 ; *Green, Exr.*, v. *Johnson*, 3 Gill & J., 394.

*Wooster*, for the defendant in error, was stopped by the court.

CARPENTER, J. The argument of the defendant's counsel assumes that an express promise to pay a debt is essential to remove the bar of the statute of limitations. But this is not

so. If there is an unequivocal acknowledgment of an existing indebtedness, it is sufficient, as the law implies a promise to pay it. *Buckingham* v. *Smith*, 23 Conn., 453. The language of the defendant as stated in the record evinces an unmistakable intention to waive the benefit of the statute. There is not only an acknowledgment of the existence of the debt, but there is an express promise to pay some part of it at a time named. His language is, " If you will call in two weeks I will pay you something on it, I cannot tell how much." The only qualification of this promise relates to the amount he would pay. But it was a distinct and unqualified recognition of his liability to pay the whole debt. At least the court below was justified in finding from all the evidence an acknowledgment that the debt was still subsisting, and we cannot disturb the judgment. *Lee* v. *Wyse*, 35 Conn., 384; *Cook* v. *Martin*, 29 Conn., 63; *Brown* v. *Keach*, 24 Conn., 73.

In this opinion the other judges concurred.