# MORRELL *v.* FERRIER.

*(Supreme Court of Colorado, December Term, 1883—Error to the District Court of Fremont County.)*

STATUTE OF LIMITATIONS—NEW PROMISE. Where there is no dispute as to the facts which go to prove an acknowledgment or new promise, the question is one of law for the Court; but where there is any dispute, the question is a mixed one of law and fact for the jury. Where there is an acknowledgment of indebtedness, it will be taken to relate to the demand in suit, and the burden is on the defendant to show that it related to another debt.

STONE, J. Plaintiff brought suit November 22, 1881, against the defendant upon a promissory note, of which the following is a copy:

"$2,500.                                        JANY. 1, 1866.
"Three years after date we promise to pay to the order of Mrs. Anna Maria Morrell twenty-five hundred dollars at the office of Tweed & Sibley, No. 40 Walnut St., Cincinnati.    Value received.                                    SAM. T. FERRIER,
                                               GEO. E. FERRIER,
                                               THOMAS FERRIER."

The complaint averred that the note was given for money loaned by plaintiff to defendants; that there was a verbal agreement for interest at ten per cent. per annum from date until paid, and that the accruing interest thereon had been paid up to April 1st, 1871.

Defendant pleaded, first, the general issue; second, that the cause of action accrued without the State; and third, the statute of limitations.

To the plea of the statute of limitations the plaintiff replied, setting up a new promise in writing, which was contained in a letter from the defendant to the plaintiff, of which letter the following is a copy:

"DELPHI, IND., Nov. 24, 1876.
"MRS. A. M. MORRELL,
          CINCINNATI, OHIO:
"I received a letter from you a few days ago about your money. I had written Uncle Tweed some time ago about it, and supposed he had written to you. I sold one of my farms some time ago and will have money coming in in February, WHEN I EXPECT TO PAY YOU ALL. Until then I do not see how I can

Vol. IV.—No. 21.

pay you, as times are very close here and money is hard to get. Our crops have not been good for two years, consequently I have but little to make money out of until my notes come due.

"I am sorry I have not been able to pay your interest as it came due, but will pay you interest on what is unpaid, so as to make it all right.

"Please leave the note with Mr. Sibley, and let him figure it all up, send me the amount, and if nothing happens I will send him draft for it in February.

Very Respect.,          SAM. T. FERRIER."

The cause was submitted to the Court for trial, without the intervention of a jury, upon the pleadings, the note and the letter, without other evidence, and upon consideration thereof, the Court found for the defendant, and rendered judgment accordingly.

The only question for us to consider is the sufficiency of this letter as evidence tending to prove the new promise relied upon to take the case out of the bar of the statute of limitations.

The letter contains an unequivocal acknowledgment of an indebtedness from defendant to plaintiff, and a clearly implied promise to pay. As to its reference to the particular indebtedness evidenced by the promissory note in suit, we think this is sufficiently indicated *prima facie.* The note is made payable at the office of "Tweed & Sibley," and the defendant in his letter refers to "Uncle Tweed" in connection with this indebtedness, and also refers to "Mr. Sibley," requesting the plaintiff to "leave *the note* with Mr. Sibley and let him figure it all up, send me the amount, and if nothing happens I will send him draft for it in February." The sentence preceding the foregoing, refers to the interest, which defendant regrets not having paid in full, but promises to pay, and the figuring which he requests Mr. Sibley to do, evidently refers to computing the interest so as to ascertain the amount of principal and interest due on the note which is made payable at Tweed & Sibley's, and for which defendant promises to send a draft to Mr. Sibley.

Whether the promise, its identity with the debt being assumed or established, is sufficient to take the case out of the bar of the statute, is a question of law for the Court. Whether the words of acknowledgment or promise, when not expressly referring to the debt sought to be recovered, are to be deemed

as referring to such debt, is usually a question of fact for the jury. *Whitney* v. *Bigelow,* 4 Pick., 110.

In *Martin* v. *Broach,* 6 Ga., 21, it was held that where there is no dispute as to the facts which go to prove the acknowledgment or new promise, the question is one of law for the Court; but when there is any dispute, the question is a mixed one of law and fact for the jury.

Moreover, it is laid down as a general rule, that where there is an acknowledgment of indebtedness, it will be taken to relate to the demand in suit, and the burden is upon the defendant to show that it related to another debt, either wholly or in part. Wood on Lim. of Actions, p. 162; Angell on Lim. of Actions, Sec. 238; 2 Greenleaf Ev., Sec. 441; *Carr's Admr.* v. *Hurlbut's Admx.,* 41 Mo., 264; *Whitney* v. *Bigelow,* 4 Pick., 119; *Cook* v. *Martin,* 29 Conn., 63.

If this rule be a sound one in general application, it certainly would apply with peculiar force in a case where but one item of indebtedness is in suit, and where one matter of indebtedness only is referred to in the acknwledgment or new promise.

But we regard it as scarcely necessary to invoke the aid of this rule in the present case; the facts appear undisputed; this letter of defendant to plaintiff appears to fairly establish identity between the indebtedness it refers to and the note in suit, while the acknowledgment of the indebtedness and the new promise to pay the same, are certainly sufficient in law to overcome the plea in bar.

We, therefore, think that upon the pleadings and evidence before the Court, the finding and judgment should have been for the plaintiff.

The judgment will be reversed, and the cause remanded for a new trial. *Judgment reversed.*

*John D. Freeman* and *Stuart Bros.,* for plaintiff in error.

*Macon & Cox,* for defendant in error.