KING v. POST.

1. LIMITATION OF ACTIONS — WHEN STATUTE APPLICABLE — APPEAL —
DECISION.— An account due a firm cannot, on dissolution of the
firm and assignment of the account to one of its members, be in-
cluded by him in his individual account against the same debtor,
without the latter's consent, so as to avoid the bar of the statute of
limitations as to it, under General Statutes of 1883, section 2167, pro-
viding that the cause of action in a mutual and open account cur-
rent shall be deemed to have accrued at the time of the last item.
2. Where a cause has been submitted to a jury upon two distinct
*theories*, one of which is *erroneous*, and it is impossible to deter-
mine upon *which theory* the jury acted, the judgment must be re-
versed.

*Appeal from County Court of Clear Creek County.*

THIS action was originally commenced before a justice
of the peace by Charles C. Post against Theodore King,
on the 4th day of January, 1886, and afterwards taken
into the county court by appeal. The action is based
upon an account extending from the month of February,
1883, to March 25, 1885, and amounting to the sum of
$752.05, upon which amount appellee gave credits amount-
ing to $511.39, leaving a balance of $240.66. The appel-
lant denied appellee's account; claimed that the action
was barred as to a part of said account by the statute of
limitations; and also claimed a set-off of an account
against the appellee, extending over a period from Jan-
uary, 1875, to January, 1886, amounting to $224.66, in
addition to the credits acknowledged by the appellee. It
appears from the evidence that $457.05 of the account
sued upon was for legal services rendered by the law firm
of Post & Coulter to the appellant between the 1st day
of February, 1873, and the 14th day of May, 1878. This
firm was composed of the appellee, Charles C. Post, and
one John A. Coulter. And it also appears that the bal-
ance of the appellee's account is for legal services ren-
dered by himself to the appellant after the dissolution of

the copartnership between himself and Coulter, which occurred in the year 1878. While the account presented by the appellant, who is a barber, consisted principally of charges made for services performed at his barber shop for the appellee, and also for like services performed for said Coulter during the continuance of said partnership. Previous to the commencement of this suit Coulter assigned his interest in the account of Post & Coulter to Post, and the assigned account was submitted to the jury, and evidently considered and allowed by them as a legitimate part of appellee's account current. Upon the trial in the county court the jury found a verdict in favor of the appellee for the sum of $158.55. The court overruled a motion made by the defendant for a new trial, and entered judgment upon this verdict. To reverse this judgment the case is brought here by appeal.

Mr. W. T. HUGHES, for appellant.

Mr. CHARLES C. POST, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

Under the statute of limitations in this state actions of debt and of *assumpsit* must be commenced within six years next after the cause of action shall accrue, and not afterwards (Gen. St. § 2163); while by section 2167 it is provided that, "in all actions of debt or *assumpsit* brought to recover the balance due upon a mutual and open account current, the cause of action shall be deemed to have accrued at the time of the last item proved in such account."

The testimony leaves it in doubt whether there was ever a mutual open account between the firm of Post & Coulter and the appellee, King, the evidence strongly tending to show that there was an understanding that Post & Coulter were to attend to the appellee's law matters, and that he was in turn to serve them at his shop,

and that there were to be no charges made by either party. If, however, it should be conceded that such a mutual open account existed prior to the year 1878, it is admitted that the firm of Post & Coulter was dissolved in that year, and consequently there could have been no mutual account between that firm and the appellee after that date, and the bar of the statute had attached before the bringing of this suit in 1886 to any account made prior to such dissolution, unless the assignment of Coulter's interest therein to Post, and the subsequent charging by Post of the firm account in his individual account, operated to take the former out of the statute.

There is a dispute in reference to the time upon which Coulter made the assignment to Post. The written assignment in the handwriting of Post bears date upon the 28th day of July, 1885; and Coulter swears that the instrument shows the true date upon which the assignment was in fact made, while the evidence of the appellee is that it was made at the time of the dissolution of the copartnership between himself and Coulter in the year 1878. If the assignment was not in fact made until the date shown by the written assignment, then the bar of the statute of limitations had attached before the assignment was made, and the account should not have been allowed; and if, on the contrary, the assignment was in fact made in the year 1878, it does not appear that such assignment was made with the consent of appellant or that he had any knowledge of the same; and certainly appellee cannot claim the benefit of section 2167 by charging the assigned account as part of his personal mutual and open account current, and thus avoid the bar of the statute. "The rule that items within six years draw after them other items beyond that period is, by all the cases, strictly confined to mutual accounts or accounts between two parties which show a reciprocity of dealing." Ang. Lim. §§ 148, 149.

The items properly allowable under the statute include only those embraced in the dealings of the two parties

with each other.   Then, if each keeps an account, as he
ought, each would have the means at all times of ascer-
taining the balance due from one to the other; and with
this knowledge it is reasonable to say that each new item
draws after it all prior items in the account, and that an
acknowledgment of, and a promise to pay, the entire ac-
count may fairly be inferred from the last transaction;
and this furnishes the reason for the exception made by
the statute.   But if one party to the account buys up
claims against the other without the other party's knowl-
edge, and charges such claims in his account, it cannot
be said that a promise to pay such claims shall be inferred
from any subsequent dealings between the parties result-
ing in an extension of the original account between them,
but without any reference to or knowledge of the as-
signed account on the part of the party sought to be
charged therewith.   The account of the firm of Post &
Coulter against King was between other parties, and
cannot be considered as a mutual account between appel-
lant and appellee, for the purpose of preventing the bar
of the statute; and it was error to submit to the consid-
eration of the jury such account as a part of the ac-
count current between the parties to this action.   *Hay
v. Kramer*, 2 Watts & S. 137; *Green v. Ames*, 14 N. Y.
225.

It is claimed, however, that the entire account here
sued upon was presented to the appellant in the year
1885, and that he then promised to pay the same.   This
might, if true, constitute a good cause of action for the
entire amount claimed by Post; but, conceding that there
is evidence to support such a cause of action, and that
the instructions upon this branch of the case were cor-
rect, it is impossible to determine which of the two
theories submitted was the one accepted by the jury.
Therefore, since one of these theories was clearly erro-
neous, the judgment must be reversed and the cause re-
manded.

                                        *Reversed.*