## WASHINGTON COUNTY.

CHARLES W. WILCOX *vs.* WILLIAM C. CLARKE, Administrator.

A. promised B. " to pay him something on account in a few days if he would wait for him."

*Held,* a sufficient new promise to take the debt out of the statute of limitations. For this, A.'s general promise not specifying the debt on which payment is to be made, *primâ facie* suffices. If a debt other than the one in suit was meant by A., it was for him to prove this fact.

PLAINTIFF'S petition for a new trial.

*Providence, June* 14, 1893. MATTESON, C. J. This is *assumpsit* on book account to recover money claimed to be due the plaintiff for fees as a deputy sheriff for the service of writs at the request of the defendant's intestate. The defendant pleaded besides the general issue the statute of limitations ; to which the plaintiff replied a new promise. At the trial the plaintiff put in testimony that the defendant's intestate had within five years previously promised the plaintiff to "pay him something on account in a few days, if he would wait for him." The court, on motion of the defendant, granted a nonsuit. The defendant excepted to the ruling granting the nonsuit.

The question raised by the exception is, whether a general promise to pay something on account, not specifying or identifying the debt on which the payment is to be made, is sufficient to take the debt out of the statute of limitations. The defendant contends that it is insufficient, and that the burden is on the plaintiff to show affirmatively, not only a new promise, but that it applies distinctly to the debt in suit.

We do not think that the contention can be supported. While it is doubtless true that a new promise must be clear, definite and unqualified, and must be shown to relate to the debt sought to be revived, it is not necessary that the promise itself should specify or identify the debt to have that effect. A general promise is sufficient *primâ facie* to take a demand in suit out of the statute. If it was intended that the prom-

ise should apply to a different debt from that in suit, it is for the defendant to prove that fact. *Baillie* v. *Inchiquin,* 1 Esp. 435 ; *Frost* v. *Bengough,* 1 Bing. 266 ; *Whitney* v. *Bigelow,* 4 Pick. 110 ; *Bailey* v. *Crane,* 21 Pick. 324 ; *Woodbridge* v. *Allen,* 12 Metc. 470 ; *Guy* v. *Tams,* 6 Gill, 82. And whether or not a promise relates to the debt in suit is a question for the jury and they are at liberty to infer that fact from the circumstances proved. *Whitney* v. *Bigelow,* 4 Pick. 110 ; *Shaw & Wife* v. *Newell,* 2 R. I. 264, 269 ; *Buckingham* v. *Smith,* 23 Conn. 453 ; *Cook* v. *Martin,* 29 Conn. 63 ; *Lee* v. *Wyse,* 35 Conn. 384 ; *Blakeman* v. *Fonda,* 41 Conn. 561 ; *Beale* v. *Nind,* 4 B. & A. 567 ; *Frost* v. *Bengough,* 1 Bing. 266.

We are of the opinion that the testimony submitted by the plaintiff would have warranted the jury, in the absence of any testimony in rebuttal, in finding a new promise sufficient to take the debt in suit out of the statute of limitations, and consequently, that the court erred in granting a nonsuit. A new trial must, therefore, be granted.

*Petition granted.*

*Albert B. Crafts,* for plaintiff.
*Clarence A. Aldrich,* for defendant.