**[No. 1762.]**

### BLACKMORE v. NEALE.

1. LIMITATION—MUTUAL ACCOUNT.
An account by one person against another for services rendered, such as shoeing and repairing by a blacksmith for a liveryman, where there were no mutual dealings between the parties, is not such mutual contract as would exempt it from the general statute of limitation and start the statute running from the date of the last item.

2. LIMITATION—NEW PROMISE—BURDEN OF PROOF.
Where it is sought to avoid the statute of limitation by proof of a new promise, the proof must clearly establish an unequivocal promise to pay the debt, but a general promise or acknowledgment of indebtedness will be taken to relate to the demand in suit; and where a promise or acknowledgment is once proven, the burden shifts to the defendant to show that it relates to some other debt.

3. INSTRUCTIONS—PRACTICE.
Where a party requested an instruction, which, though generally correct, contained a material erroneous proposition, he cannot complain because the court refused the instruction, nor because the court did not of its own motion modify it.

*Appeal from the County Court of Conejos County.*

Mr. EUGENE ENGLEY, and Mr. T. B. McDONALD, for appellant.

Mr. F. B. WEBSTER, Mr. Z. T. BROWN, and Mr. H. L. RITTER, for appellee.

BISSELL, P. J.

Neale sued Blackmore for money due on an account amounting to about $220.15. All of the account except $6.00 accrued in the years 1881 and 1882, and was barred by the general limitation statute of six years, unless the account was revived and taken out of its operation by reason of the two items of $6.00 or some subsequent promise. The latter items were for services rendered by Neale as sexton of the cemetery, who under instructions from Blackmore, dug a grave for his child and did other work perhaps connected therewith. The balance of the account was for repairing and shoeing done by Neale for Blackmore while he was running a livery stable in the town where they both lived. The case was tried by a jury which rendered a verdict for the sum named, and thereon Neale had judgment and Blackmore prosecutes this appeal. Recurring to the abstract and the brief, only two questions are suggested either by the record or by the argument whereon the appellant hopes to disturb the judgment.

The first question relates to his contention that the statute is inoperative because of the two items for services rendered within the limited period. The proposition asserted, although not urged with much force, is that the contract was a mutual one, and therefore falls within an exception, which takes the case out of the operation of the general statute. This is manifestly impossible, because in no sense was the account a mutual one as required by the act in order to start the statute running from the date of the last item. There were no deal-

ings between the parties within six years, and no mutual accounts within the rules and principles established by the various decisions. *King v. Post*, 12 Colo. 355.

Since the account was barred, and is not within the exception suggested, it only leaves one question and that is based on an instruction which the court refused to give at the conclusion of the trial. Neale attempted to prove a subsequent promise to pay. Such a promise is undoubtedly sufficient to remove the bar providing it be sufficiently proven and is sufficiently broad and specific. It is quite clear the testimony must establish the promise clearly and explicitly, and it must appear to have been unequivocal. This principle is established by all the authorities, has been approved by our supreme court and may be deemed well settled. *Sears v. Hicklin*, 3 Colo. App. 331. Notwithstanding this rule, it is equally well settled that a general promise or acknowledgment of indebtedness will be taken to relate to the demand in suit, and wherever a promise or acknowledgment of indebtedness is once proven, the burden shifts to the defendant to show that it relates to some other debt than the one with reference to which the promise presumably was made. This was likewise decided by the supreme court in *Morrell v. Ferrier*, 7 Colo. 22. In the light of this principle it is tolerably clear that there can be no question about this promise when we accept it as confirmed by the verdict. The plaintiff, Neale, testified that he talked with Blackmore several times at Alamosa, and he agreed to pay the debt as soon as he could get some money. He undoubtedly said he had no money at the time to spare, but expected some soon to come from England, when he would pay every dollar that he owed. Under the Morrell decision, this promise would be taken to relate to the only debt existing between the parties, which was for work and labor done. It must be held to relate specifically to this debt, an acknowledgment of it, and a sufficient promise to pay to support the suit in the absence of other proof showing that it referred to some other indebtedness and did not embrace the account sued on. It is quite

true Blackmore denied it entirely, and whether he made the promise became a question of fact for the jury. The jury found the issue with the plaintiff and by the verdict we are bound, and we must conclude therefore as a matter of fact, as well as of law, that the promise was an acknowledgment of this particular indebtedness, and since it was an unequivocal promise to pay, it was sufficiently definite to take the case out of the statute and permit the maintenance of the action. The appellant seeks to find error in the refusal of the court to give an instruction in respect to the nature of the promise which must be established, and the kind of proof which must be given to entitle the plaintiff to recover. The instruction number seven which the defendant asked, was undoubtedly in its general form and its entire scope, except as to the last clause, entirely right, and ought to have been given with a modification. That instruction was based on the decisions of the supreme court and in general was an accurate statement of the law respecting such promises and the requisite proof which must be produced by the one who relies on it. The trouble is its concluding phrase was that the general admission of indebtedness was not a promise to pay any particular debt. The instruction was inaccurate under the *Morrell* case. Since under that authority, this general admission would be taken as a promise to pay the particular debt, there being none other owing, the defendant was not entitled to the instruction in the form in which he asked it. He cannot, therefore, be now heard to complain that the court erred in refusing to give it. If he desired the jury advised respecting the character and class of proof which should be offered, he was bound to ask an instruction on the subject unobjectionable in form as well as in substance. Since the one he did ask would have been erroneous, he was not entitled to have it given, and cannot complain because the court refused it, or because the court did not of its own motion modify it. The latter is true, because not otherwise was the question suggested or presented.

Since these are the only matters laid as errors which are

suggested or called to our attention, and we cannot discover that the court erred in the premises, we are compelled to affirm the judgment, which is accordingly done.

*Affirmed.*