(No. 44790.—

ANCO INVESTMENT CORP., Appellee, v. JOSEPH SPENCER, Appellant.

*Opinion filed January 26, 1973.*

RON FRITSCH, of the Legal Aid Society of Chicago, for appellant.

No appearance by appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On May 28, 1969, a judgment of confession based upon an installment note dated October 11, 1967, was entered in the circuit court of Cook County against the defendant, Joseph Spencer, in the amount of $1,161.86. In subsequent proceedings the trial court reduced the judgment to the amount of $364 and costs. On appeal, the appellate court reversed (1 Ill. App. 3d 445), holding that the instrument was a retail installment contract, and remanded for a determination of the penalties to be assessed against plaintiff for noncompliance with the Retail Installment Sales Act. (Ill. Rev. Stat. 1965, ch. 121½, par. 223 *et seq.*) We granted defendant's petition for leave to appeal. Plaintiff, who did not appear in the appellate court, has similarly not appeared before this court.

The facts are set forth in the appellate court opinion. The appellate court held that the contract did not comply with sections 2 and 3 of the act then in effect (Ill. Rev. Stat. 1965, ch. 121½, par. 224, 225) because (1) the instrument was not signed by the seller; (2) the words "Retail Installment Contract" did not appear on it; (3) "Notice to the Buyer" did not appear; and (4) the instrument lacked other information required by the Act. Then, after further examination, the appellate court found that the only remedy available to a buyer was provided in section 17 of the Act (Ill. Rev. Stat. 1965, ch. 121½, par. 240), which states:

> "In case of failure of the seller or holder to comply with the provisions of this Act, the buyer has the right to recover from the seller or holder, as the case may be, an amount equal to the finance charge or 10% of the cash price if no finance charge is specified in the contract or supplementary statement, whichever is the greater plus reasonable attorneys' fees."

The Retail Installment Sales Act was amended in 1967. (Ill. Rev. Stat. 1967, ch. 121½, par. 501 *et seq.*)

However, the revised act expressly provided that all contracts entered into prior to January 1, 1968, as here, are to be governed by the former act. Ill. Rev. Stat. 1967, ch. 121½, par. 533.

The sole issue presented herein is whether the contract, which did not comply with these requirements, is totally unenforceable or, as held by the appellate court, is merely subject to the penalties established under section 17.

We agree with the rationale of the appellate court. It is clear from the language of the former act, under which this action arose, that the buyer's remedy is exclusive. To hold otherwise and render the contract void for noncompliance would negate the effect of section 17 because there would be no contract upon which this provision could be enforced.

Furthermore, section 20 of the Act imposes civil penalties for any noncompliance therewith. Violators are "*** barred from recovery of any finance charge, delinquency or collection charge or refinancing charge on the retail installment contract involved." (Ill. Rev. Stat. 1965, ch. 121½, par. 243.) If the contract is void, as defendant argues, this provision would also be superfluous.

Defendant strongly contends that this result is contrary to the recent opinion in *R. S. Boston Co. v. Chapman, 131 Ill. App. 2d 385.* We do not agree. In the *Boston* case it was uncertain whether the defendant was the buyer or merely a co-signer. The appellate court there properly refused to enforce the contract under the Retail Installment Sales Act, as amended. No such problem exists in the present case because defendant admits he is the buyer.

For these reasons, the judgment of the appellate court is affirmed.

*Judgment affirmed.*