**Bernice PIATCHEK, Plaintiff,**

v.

**FAIRVIEW RELIABLE LOAN, INC., Defendant.**

Civ. Nos. 77–4377, 78–4059.

United States District Court, S. D. Illinois.

June 20, 1979.

Jack VerSteegh, Land of Lincoln Legal Assistance Foundation, Inc., East St. Louis, Ill., for plaintiff.

Frank Susman and J. Leonard Schermer, Susman, Schermer, Willer & Rimmel, St. Louis, Mo., Walker & Williams, Belleville, Ill., for defendant.

## ORDER

FOREMAN, Chief Judge:

Before the Court are defendant's Motion to Consolidate, defendant's Motion and Suggestions to Permit Counterclaim of Defendant, defendant's Motion for Summary Judgment, plaintiff's Motion to Dismiss Counterclaim and plaintiff's Motion to Strike or for Alternative Relief.

On October 28, 1977, plaintiff filed a complaint against the defendant, a corporation

624

engaged in the business of extending credit for which a finance charge is or may be imposed. In Civil Number 77–4377, the plaintiff alleges that she entered into a consumer credit transaction with the defendant for a loan of $1500.00 on or about October 29, 1976. She further alleges that, in the course of the transaction, the defendant violated the Truth in Lending Act, 15 U.S.C. § 1631, Federal Reserve Regulation Z, 12 C.F.R. § 226.1 et seq. and Ill.Rev.Stat. c. 26 § 9–204(2).

On February 1, 1978, the plaintiff filed a second complaint against the defendant. In Civil Number 78–4059, the plaintiff alleges that she entered into a consumer credit transaction with the defendant for $3640.62 on or about February 2, 1977. She further alleges that, in the course of the transaction, the defendant violated the Truth in Lending Act, 15 U.S.C. § 1631, Federal Reserve Regulation Z, 12 C.F.R. § 226.1 et seq. and Ill.Rev.Stat. c. 26 § 9–204(2).

■ The defendant has filed a motion to consolidate these cases pursuant to Rule 42 of the Federal Rules of Civil Procedure. In support of this motion, the defendant states that both transactions involve plaintiff's procurement of loans from the defendant for which she signed promissory notes. The defendant further states that the notes in all material respects are identical. Finally, the defendant directs the Court's attention to the fact that the pleadings and discovery in each of these cases are substantially identical and thereby raise common issues of fact and law. This Court agrees that Civil Number 77–4377 and Civil Number 78–4059 raise common issues of fact and law. Accordingly, defendant's motion to consolidate is granted and these cases are hereby consolidated pursuant to Rule 42.

In Civil Number 77–4377 and Civil Number 78–4059, the defendant has filed or seeks leave to file a counterclaim.[1] Both

counterclaims seek enforcement of the promissory notes which plaintiff executed at the time of the transaction. The plaintiff moves to dismiss the counterclaim or opposes its filing because she asserts that the defendant's counterclaims are permissive. Thus, she contends that the Court lacks subject matter jurisdiction over them.

■ Although a compulsory counterclaim may be interposed without meeting jurisdictional requirements because it is auxiliary to the original action, a permissive counterclaim requires independent jurisdictional grounds. *Chance v. County Board of School Trustees of McHenry County, Ill.*, 332 F.2d 971 (7th Cir. 1964); *McNaughton v. New York Central Railroad*, 220 F.2d 835 (7th Cir. 1955). The counterclaims interposed in this case seek enforcement of the promissory notes executed by the plaintiff at the times of the transactions and are, therefore, governed by state law. Ill.Rev. Stat., c. 26 § 3–101 et seq. Accordingly, the issue before the Court is whether the counterclaims are compulsory within the meaning of Rule 13.

■ Rule 13(a) provides *inter alia* that a counterclaim is compulsory if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. A counterclaim arises out of the same transaction or occurrence as the plaintiff's claim if the claims bear a logical relation to each other. *Kissel Co. v. Farley*, 417 F.2d 1180 (7th Cir. 1969). In the present case, the plaintiff has brought suit against the defendant for violation of the Truth in Lending Act in two consumer credit transactions. These same transactions gave rise to the notes which the defendant seeks to enforce. The Court additionally notes that violation of the Truth in Lending Act has been held by one Illinois Court to bar enforcement of the promissory note. *Ameri-*

1. In Civil Number 77–4377, the defendant seeks leave to amend its answer and file a counterclaim pursuant to Rule 13(f). Rule 13(f) provides for this amendment if the Court finds that the counterclaim was omitted through oversight, inadvertence, or excusable neglect or when justice requires. This Court finds that

defendant's reason for failure to file the counterclaim at the time of his answer is sufficient, provided that the Court finds it has subject matter jurisdiction over the counterclaim. Accordingly, this issue will be resolved with the same issue presented in plaintiff's motion to dismiss in Civil Number 78–4059.

can *Buyers Club, Etc. v. Grayling*, 58 Ill. App.3d 611, 11 Ill.Dec. 449, 368 N.E.2d 1057 (5th Dist.1977).[2] Given these facts, the Court feels that to require the defendant to litigate his claim in another action in state court would create needless multiplicity of suits and ignore the primary objectives of Rule 13. This Court, therefore, finds that defendant's counterclaims are compulsory under Rule 13(a). Accordingly, the defendant is hereby granted leave to file his counterclaim in Civil Number 77–4377, and defendant's motion to dismiss the counterclaim in Civil Number 78–4059 is DENIED.

In Civil Number 78–4059, the defendant has moved for summary judgment on its counterclaim. The plaintiff, in her answer, admits that she executed the note and that she is now in default. Plaintiff, however, denies liability because she contends that defendant's violation of the Truth in Lending Act bars enforcement of the note under the authority of *American Buyers Club of Mt. Vernon, Illinois, Inc. v. Grayling*, 53 Ill.App.3d 611, 11 Ill.Dec. 449, 368 N.E.2d 1057 (5th Dist.1977). Thus, plaintiff has moved to strike the defendant's counterclaim, or, alternatively, to stay adjudication of the motion pending resolution of plaintiff's Truth in Lending Act claim.

■ The Rules of Decision Act commands federal courts to regard as "rules of decision" the substantive "laws" of the appropriate state, except where the Constitution, treaties, or statutes of the United States provide otherwise. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), decided that "laws," in this context, include not only state statutes, but also the unwritten law of a state as pronounced by its courts. *King v. Order of Travelers*, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948); *Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1966). If the highest court in the state has decided the issue, the decisions and opinions are binding on federal courts.

*Erie, supra; King, supra.* If there are no decisions by that court, then the federal court must apply what it finds to be the state law after giving "proper regard" to relevant rulings of other courts of the State. *Bosch, supra.*

■ The Truth in Lending Act per se does not affect the validity or enforceability of any contract or obligation under State or Federal law. 15 U.S.C. § 1610(d). Accordingly, the issue is whether Illinois law holds that a violation of the Truth in Lending Act is a valid defense to enforcement of a promissory note executed in a consumer credit transaction.

The only Illinois case directly deciding this issue is *American Buyers Club of Mt. Vernon, Illinois v. Grayling*, 53 Ill.App.3d 611, 11 Ill.Dec. 449, 368 N.E.2d 1057 (5th Dist.1977). In that case, American Buyers Club brought suit against the Graylings on a contract and note which the Graylings executed in exchange for membership in plaintiff's buying club. The trial court, upon examination of the member benefit agreement and the note, found that the contracts were unconscionable and barred enforcement of the note. On appeal, the Appellate Court agreed that the contract was unconscionable and further held that it was unenforceable because it violated the Truth in Lending Act.

Absent persuasive data that the Illinois Supreme Court would decide otherwise, this Court would be bound to hold that the notes in this case are unenforceable if the plaintiff establishes a violation of the Truth in Lending Act. This Court, however, is persuaded by the facts and reasoning in *Grayling, supra*, and a subsequent decision by the Fifth District Appellate Court that such a broad interpretation of *Grayling, supra*, does not represent the law of Illinois.

In *Grayling, supra*, the defendants purchased membership in a buying club for

---

**2.** The plaintiff in her opposing briefs, relies on *Zeltzer v. Carte Blanche Corp.*, 414 F.Supp. 1221 (W.D.Penn.1976). In that case, the Court held that a counterclaim for enforcement of a note is not compulsory in a suit for Truth in

Lending Act violations. The Court in that case, however, refused to assume that the federal statute would be the core of plaintiff's defense. *Zeltzer, supra*, footnote 5.

$495.50. The Appellate Court, in its discussion of the unconscionability of the contract, recognized that the consumer in essence received little more than words and vague promises in exchange for his money. In contrast, the consumer in many credit transactions receives a great deal more than words or promises in exchange for his money. For example, the plaintiff in the present case received over $5000 in two transactions with the defendant finance company. The plaintiff has not alleged that the terms of these contracts were unconscionable. She has instead alleged that the defendant failed to comply with the Truth in Lending Act, Regulation Z and Ill.Rev.Stat. c. 26 § 9–204(2). If she is able to prove these allegations, Congress has provided her with statutory damages as her remedy. This Court finds it difficult to believe that the Illinois Supreme Court would in addition relieve her of her obligation to repay the loans she has received. Federal law clearly does not require this result. *See,* 15 U.S.C. § 1610; *Burgess v. Charlottesville Savings and Loan Assn.,* 477 F.2d 40 (4th Cir. 1973). Illinois law presumably would also not grant her such a windfall.

Similarly, the appellate court's reasoning in *Grayling, supra,* causes this Court to question the propriety of extending its holding to this fact situation. In *Grayling, supra,* the court held that if a contract is illegal under either Illinois or federal law, then that illegality is a defense to enforcement of the contract even though the relevant statute does not declare the contract void. To support this proposition, the Court cited *Finch & Co. v. Zenith Furnace Co.,* 245 Ill. 586, 92 N.E. 521 (1910) and *Ideal Bldg. Material Co. v. Benson Concrete Co.,* 273 Ill.App. 519 (1st Dist.1934). In those cases, the courts held that violation of a statute or ordinance may in fact render a contract unenforceable even though the statute or ordinance does not specifically so provide. Both Courts, however, recognized that such a result is dependent upon the legislative intent of the governmental branch enacting the statute. The Truth in Lending Act in the present case, expressly states that viola-

tion of the Act does not affect the enforceability of the contract. 15 U.S.C. § 1610(d). Consequently, the principle announced in *Grayling, supra,* would appear to be contrary to the intent of Congress in enacting the Truth in Lending Act.

Finally, this Court notes that a subsequent Fifth District Appellate Court decision further draws the *Grayling* holding into question. In *American Buyers Club of Mt. Vernon, Illinois v. Zuber,* 57 Ill.App.3d 899, 15 Ill.Dec. 440, 373 N.E.2d 786 (5th Dist.1978), American Buyers Club sought enforcement of an identical contract against the Zubers. The defendants, however, argued that the contract was barred because it violated the Illinois Retail Installment Sales Act. In concluding that the contract did not violate the Act, the Court stated:

"This conclusion renders it unnecessary for us to consider whether violations of the Act preclude enforcement of a contract although we can find no authority that would support such a claim or that would alter the contrary conclusion reached in *Anco Investment Corp. v. Spencer,* 53 Ill.2d 396, 292 N.E.2d 726 (1978). We finally note that should there be evidence presented that the "unitary price" contract involved in this cause contains a hidden finance charge in the manner discussed in this opinion, the nondisclosure of the amount of the finance charge will constitute violations of both the Illinois Retail Installment Sales Act and the Federal Truth in Lending Act." *Zuber, supra,* at 791.

Upon consideration of this case in light of *Grayling, supra,* the Court finds that the Fifth District Appellate Court does not intend that all violations of the Truth in Lending Act bar enforcement of the contract. In *Grayling, supra,* the Court stated that violations of either state or federal law may render a contract illegal. Although the Illinois Retail Installment Act and the Federal Truth in Lending Act are admittedly different in some respects, both laws are nonetheless similar in purpose and effect. *Garza v. Chicago Health Clubs, Inc.,* 347

F.Supp. 955 (N.D.Ill.1972). Consequently, if the Fifth District Appellate Court in fact intended that all violations of the Truth in Lending Act bar enforcement of the contracts, the *Grayling* decision itself would provide authority for the claim that violations of the Illinois Retail Installment Act bars enforcement. The *Zuber* Court nonetheless stated it knew of no authority for such a claim. For these reasons, this Court believes that *Grayling, supra,* should be strictly limited to its facts. Accordingly, the Court hereby finds that Illinois law would not bar enforcement of the contract in this case if the plaintiff establishes a violation of the Truth in Lending Act.

In sum, the defendant's Motion to Consolidate filed in Civil Number 77–4388 and 78–4059 is GRANTED; defendant's Motion and Suggestions to Permit Counterclaim of Defendant filed in Civil Number 44–4388 is GRANTED; plaintiff's Motion to Dismiss Counterclaim filed in 78–4059 is DENIED; plaintiff's Motion to Strike or For Alternative Relief filed in Civil Number 78–4059 is DENIED.

Plaintiff has answered defendant's counterclaim in Civil Number 78–4059 and has made some assertions in opposition to defendant's motion for summary judgment which suggest that plaintiff may have additional objections to the motion. In recognition of the difficulties plaintiff may have experienced in previously opposing the motion, the Court hereby grants plaintiff ten (10) days from entry of this order within which to supplement her brief. If plaintiff in fact supplements her brief, the defendant is hereby given ten (10) days from receipt of the brief within which to reply to it.

Accordingly, defendant's Motion for Summary Judgment filed in Civil Number 78–4059 is stayed pending any additional briefing.

IT IS SO ORDERED.