WEATHER-SEAL-NU-SASH, INC., Plaintiff and Counterdefendant-Appellant, v. JOHN D. MARX *et al.*, Defendants and Counterplaintiffs-Appellees.

Third District   No. 3—91—0905

Opinion filed July 9, 1992.

James T. Burns, of Kankakee, for appellant.

Roger B. Gomien, of Gomien, Root & Rigazio, of Morris, for appellees.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiff and counterdefendant, Weather-Seal-Nu-Sash, Inc. (the plaintiff), filed suit against the defendants and counterplaintiffs, John D. and Debra S. Marx (the defendants), for breach of contract. The defendants denied liability and filed a counterclaim for attorney fees and other damages. The defendants subsequently filed a motion for judgment on the pleadings and the trial court dismissed the plaintiff's complaint. Months later, the trial court granted judgment in favor of the defendants based on their counterclaim for attorney fees.

The record reveals that on January 30, 1988, the plaintiff and the defendants entered into a written contract for the purchase and installation of custom-built windows. The record further reveals that the contract was an installment sales contract and that it was not in compliance with the Retail Installment Sales Act (Ill. Rev. Stat. 1991, ch. 121½, par. 501 *et seq.*).

On August 16, 1988, the plaintiff brought suit against the defendants for breach of contract. The plaintiff sought damages of $6,918 plus costs of the suit. The defendants filed an answer and counterclaim denying liability and alleging that the plaintiff violated the Retail Installment Sales Act and the Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (Ill. Rev. Stat. 1991, ch. 121½, par. 261 *et seq.*). The defendants subsequently filed a motion for judgment on the pleadings. On February 23, 1989, the trial court found that the contract in question violated the Retail Installment Sales Act and was therefore completely unenforceable. Accordingly, it dismissed the plaintiff's complaint for failure to state a cause of action.

Thereafter, on July 19, 1991, the trial court concluded that the plaintiff's violation of the Retail Installment Sales Act also constituted a violation of the Consumer Fraud Act. Accordingly, under the Consumer Fraud Act, the trial court granted the defendants their counterclaim for $2,414 in attorney fees. The plaintiff appeals both the dismissal of its breach of contract claim and the award of attorney fees on the counterclaim.

On appeal, the plaintiff first argues that the contract was not entirely unenforceable merely because it failed to conform to the provisions of the Retail Installment Sales Act. We agree.

In resolving this issue, it is helpful to first examine the relevant legislative history. Prior to 1968, the Retail Installment Sales Act of 1957 (the 1957 Act) provided certain consequences for violations of that Act. Specifically, section 17 provided:

> "§17. Failure to comply—Remedy of buyer. In case of failure of the seller or holder to comply with the provisions of this Act, the buyer has the right to recover from the seller or holder, as the case may be, an amount equal to the finance charge or 10% of the cash price if no finance charge is specified *** plus reasonable attorneys' fees." Ill. Rev. Stat. 1965, ch. 121½, par. 240.

Additionally, section 20 of the 1957 Act provided that "[a]ny person violating any of the provisions of Sections 2 to 17, inclusive, *** is barred from recovery of any finance charge, delinquency or collection charge or refinancing charge." Ill. Rev. Stat. 1965, ch. 121½, par. 243.

The Illinois Supreme Court made it clear that, under the 1957 Act, contracts which did not comply with the requirements of the Act were not totally unenforceable. (*Anco Investment Corp. v. Spencer* (1973), 53 Ill. 2d 396, 292 N.E.2d 726.) The supreme court concluded

that because sections 17 and 20 expressly set forth finance charge-related penalties for violations of the Act, the contract would not be void. Instead, the seller or holder was subject to the penalties established under sections 17 and 20 of the 1957 Act. *Anco Investment Corp. v. Spencer* (1973), 53 Ill. 2d 396, 292 N.E.2d 726.

In 1967, the General Assembly enacted a new Retail Installment Sales Act (the 1967 Act). The 1967 Act does not contain a provision similar to section 17 of the 1957 Act, which authorized a private cause of action by a buyer against one who violated the provisions of the Act. (*Hoover v. May Department Stores Co.* (1979), 77 Ill. 2d 93, 395 N.E.2d 541.) Rather, it provides for enforcement of the Act by the Attorney General or State's Attorney. Ill. Rev. Stat. 1991, ch. 121½, par. 530; see *Hoover v. May Department Stores Co.* (1979), 77 Ill. 2d 93, 395 N.E.2d 541.

The defendants in the instant case contend that the Illinois Supreme Court's decision in *Anco* need no longer be followed because it was decided under the 1957 Act rather than the 1967 Act. The defendants argue that because the 1967 Act no longer authorizes a private cause of action, the spirit of the Act requires that the contract be declared void. We disagree.

We note that the *Anco* decision was not based entirely on the fact that a private cause of action existed under section 17 of the 1957 Act. Rather, the supreme court held that it would be superfluous for the Act to set forth finance charge-related penalties in both sections 17 and 20 if contracts which violated the Act were entirely unenforceable. See *Anco Investment Corp. v. Spencer* (1973), 53 Ill. 2d 396, 292 N.E.2d 726.

■ We further note that despite the changes the Act has undergone, section 31 of the Act (Ill. Rev. Stat. 1991, ch. 121½, par. 531) contains a penalty provision substantially the same as that contained in section 20 of the 1957 Act. Accordingly, because the penalty provisions now in force still provide that a person in violation of the Act may not recover finance charges, we conclude that the holding in *Anco* is still good law. Therefore, we find that the trial court erred in holding that the contract in the instant case was entirely unenforceable. Rather, the trial court should have found that, due to its violation of the Act, the plaintiff is unable under section 31 to collect the finance charges.

■ The plaintiff's second argument on appeal is that the trial court erred in concluding that the plaintiff's violation of the Retail Installment Sales Act (Ill. Rev. Stat. 1991, ch. 121½, par. 501 *et seq.*) also constituted a violation of the Consumer Fraud Act (Ill. Rev. Stat.

1991, ch. 121½, par. 261 *et seq.*). Therefore, the plaintiff contends that the trial court erred in awarding attorney fees under the Consumer Fraud Act. We agree.

A single violation of the Retail Installment Sales Act is not *per se* a violation of the Consumer Fraud Act. If it were, there would be little reason for the limitations imposed by sections 2E and 2F of the Consumer Fraud Act. See *Lanier v. Associates Finance, Inc.* (1986), 114 Ill. 2d 1, 20, 499 N.E.2d 440 (Simon, J., specially concurring).

Section 2E of the Consumer Fraud Act (Ill. Rev. Stat. 1991, ch. 121½, par. 262E) provides that a Retail Installment Sales Act violation also constitutes a Consumer Fraud Act violation when three or more Retail Installment Sales Act violations have been committed by the violator in the same calendar year. No such showing was made in this case. Accordingly, we are unable to say that the Retail Installment Sales Act violation constituted a Consumer Fraud Act violation pursuant to section 2E.

Under section 2F of the Consumer Fraud Act (Ill. Rev. Stat. 1991, ch. 121½, par. 262F), a single Retail Installment Sales Act violation may constitute a Consumer Fraud Act violation if the Retail Installment Sales Act violation was "willful" and "material." (See *Fidelity Financial Services, Inc. v. Hicks* (1991), 214 Ill. App. 3d 398, 574 N.E.2d 15.) Here, there was no showing that the violation was willful rather than merely unknowing and inadvertent. Therefore, we are unable to say that the Retail Installment Sales Act violation constituted a Consumer Fraud Act violation pursuant to section 2E.

■ For the reasons set forth above, we conclude that the trial court erred in holding that the contract was entirely unenforceable because it violated the Retail Installment Sales Act. Additionally, we hold that the fact that the agreement violated the Retail Installment Sales Act does not mean that it violated the Consumer Fraud Act. Consequently, the court erred in awarding attorney fees under the Consumer Fraud Act. Accordingly, this cause is reversed and remanded for further proceedings consistent with this decision. The judgment of the circuit court of Grundy County is reversed and the cause remanded.

Reversed and remanded.

BARRY, P.J., and SLATER, J., concur.