No. 33.    Morrison v. Smart.    On the 6th day of May, 1872, at Greenfield, Ohio, appellant executed to appellee his promissory note for $286.36, due six months after date.    At the February term, 1884, of the Circuit Court of Marion county, appellee brought his action to recover the amount then due on said note.    Among other pleas filed, was a plea of set-off, setting up items of indebtedness against appellee, such as are usually contained in the consolidated common counts in assumpsit.    To this plea appellee replied the five years' Statute of Limitations, and on that issue the only question involved in this case arises.    On the question of fact, the court below was justified in finding against the plea of set-off. Robertson v. Dodge, 28 Ill. 161, does not hold that a court or jury is bound to believe a witness, however absurd or unreasonable his testimony.    The law of the case is against appellant on his own theory.    He relies on Sec. 17, chapter 83, R. S. (entitled Limitations), to save his case from the effect of the five years limitation.    Appellee's cause of action in this suit is the note executed on the 6th day of May, 1872. He is not seeking to recover on the original indebtedness.    At the time this note was executed, the account pleaded by way of set-off was barred by the six years Statute of Limitations of the State of Ohio.    It is not shown that by the provisions of the statute of Ohio, the account was kept alive by appellee's holding the note of appellant executed to David and Robert Smart. Therefore appellee did not hold the cause of action here sued on before appellant's set-off, or counter claim, was barred, and Sec. 17, by its express terms, does not prevent the running of the statute against the set-off.    Affirmed.    Opinion by WILKIN, J.    Judge below, WM. H. SNYDER.    Attorneys, for appellant, Mr. H. C. GOODNOW; for appellee, Mr. T. E. MERRITT. Opinion filed April 15, 1886.