## HORACE HIGGINS, EXECUTOR,
### V.
## MARY A. SPRING.

*Administration—Claims—Limitations—Evidence—Instructions.*

1. In an action against an executor for services rendered his testatrix during her sickness, this court declines to interfere with the verdict for plaintiff.

2. An action against an executor for services rendered his testatrix, who died before the expiration of the time limited for the commencement thereof, may be commenced after the expiration of that time and one year after the issuing of letters testamentary.

3. Refusal to give an instruction for defendant is not error, where the same instruction has in substance been given for plaintiff.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Du Page County; the Hon. C. W. UPTON, Judge, presiding.

Messrs. BOTSFORD & WAYNE and GEORGE W. BROWN, for appellant.

Mr. J. F. SNYDER, for appellee.

LACEY, J. On the 3d day of November, 1886, Elizabeth Woodard died, leaving a will appointing appellant executor therein. December 20th, the will was admitted to probate and on the 10th of January, 1887, the appellee filed her claim against the estate for $325, being an amount claimed for 130 weeks' services in caring for deceased during her sickness, and doing work for her. Judgment was given against the estate in favor of appellee for the full amount of the claim, and on trial before a jury in the Circuit Court, the appellee obtained a verdict also for the full amount, upon which verdict the court rendered judgment. From such judgment this appeal is taken. The causes assigned for error are that the

verdict was against the weight of the evidence, and the improper modification of certain of the appellant's instructions, and the refusal to give appellant's instruction No. 5. We will first notice the question as to whether there is sufficient evidence to support the verdict. It appears that the appellee was a niece of the deceased, and during the time the services were claimed to have been rendered, for which she filed her claim, she lived with her father, Gilbert Higgins, brother of deceased, who lived near by. We have made a careful examination of the evidence, and find the appellee's claim is supported by the testimony of five witnesses, who testify that during a large portion of the last five years of deceased's life, the appellee took care of her in her sickness, especially during the night time, and some of them swear that deceased was sick all the time and had a tumor in her side, and throat trouble. The evidence also tends to show that the services were worth from $3.50 to $30 per week. It would appear that if the appellee's witnesses were believed there was abundant evidence to support the verdict; and besides, the declaration of the deceased was shown, to the effect that she would pay appellee well for her services, thus showing that they were not understood by deceased to have been gratuitous, as is claimed by appellant.

It is true that the appellee's evidence was somewhat contradicted by appellant's witnesses and that there was a conflict in the evidence. This being so, it was the province of the jury to reconcile it if it could, and to determine which side had the preponderance. We do not think that the verdict of the jury is so against the weight of the evidence that we would be authorized to set it aside for that reason.

The next question is, was the modification of the appellant's instruction No. 3, error. One of the modifications has reference to the statute of limitations, directing the jury in effect that the statute ceased to run after the death of deceased until the claim was filed, it being less than one year from the granting of letters testamentary. This was in effect also given to the jury in appellee's first instruction. We find no error in this. As to the statute of limitations the jury was

properly instructed, the undisputed facts of the case being considered.    Sec. 19, Chap. 83, R. S., provides that " if a person against whom an action may be brought, die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executor or administrator after the expiration of that time and one year after the issuing of letters testamentary or of administration.    Except for the above statute about three months of the first part of the five years immediately preceding the death of deceased, November 3, 1886, would have been barred for the reason the claim was not filed for about three months after the deceased's death.    By the death of Mrs. Woodard the statute of limitations was suspended from that time and for one year from the granting of the letters testamentary.    It will be seen then that there is no error in the instruction as modified.

The other modification complained of was cured by the special verdict of the jury.

The jury found by their verdict that the term of service for which they gave a verdict was 130 weeks at $2.50 per week, so that the appellant was not injured by the refusal of the court to instruct the jury that appellee would be restricted in her recovery to $2.50 per week, even if such were the law, a point we need not determine.    There was no material error committed in the refusal of the court to give the appellant's fifth instruction offered, regarding the manner of estimating the testimony of witnesses.    The same was given in substance in the appellee's second instruction, and it was not necessary for the court to repeat it; but even if none had been given we would not deem it sufficient error for reversal.

Perceiving no error in the record the judgment is affirmed.

*Judgment affirmed.*