W. Louis Glenn, Appellee, v. Frank L. McDavid, Administrator of Estate of Addie G. McGowan, Deceased, Appellee. Elizabeth M. Piper, Appellant.

Gen. No. 9,331.

Heard in this court at the May term, 1942. Opinion filed May 20, 1942. Opinion modified and rehearing denied October 6, 1942.

HILL & VANDEVER, of Hillsboro, for appellant.

M. J. BROWN and HERBERT W. DEY, both of Hillsboro, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

Claimant appellee, W. Louis Glenn, filed a claim in the county court of Montgomery county, Illinois, against the estate of Addie G. McGowan, deceased, on June 13, 1940, seeking allowance and recovery of an alleged unpaid balance of $5,721 and accrued interest due on a certain promissory note drawn by Addie G. McGowan on December 1, 1932, payable to order of claimant one year after date, for the principal sum of $12,921 with 5 per cent interest per annum from date. The note bore a credit indorsement of $7,200, dated August 1, 1933, being the transfer price of certain real estate conveyed to claimant, which was located in Denver, Colorado, where both parties (formerly from Illinois) then lawfully resided, and where Addie G. McGowan died intestate on February 24, 1934. Deceased left no assets in the State of Colorado in excess of the amount of funeral expenses and no administration was had in that State.

Objections to the allowance of the above claim against assets of the estate subsequently administered upon in Illinois, were filed in said county court on August 6, 1940, by Elizabeth M. Piper, a resident of the State of New Jersey, who was the married daughter, only child and sole heir of said deceased. Upon trial *de novo,* on appeal to the circuit court, Glenn's claim was allowed against the estate of Addie G. McGowan, of which Frank L. McDavid was administrator, in the sum of $8,115.92, payable in due course of administration. The objecting daughter, Elizabeth M. Piper, has appealed from that judgment to this court.

The objections to the allowance of the claim set forth four grounds, *viz:* that the note and claim sued upon was executed and made payable in Denver in the State of Colorado; that more than six years had expired since the maturity of said note prior to the time that letters of administration were issued in Illinois and that therefore the claim was barred under statutory provisions of the State of Colorado (sec. 1, ch. 102, Limitations Act, C. A. S.) where both maker and payee resided at and subsequent to the time when the note was executed and delivered; that the claim on note was without consideration and that all indebtedness previously owing to the claimant was paid by deceased in full and nothing was due and owing from her estate. No contention that the original note was given without consideration and that the same was fully paid by the deceased in her lifetime is now made or insisted upon in appellant's brief.

The case was first tried in the county court upon stipulation of facts, together with certain oral evidence and exhibits offered, and was heard *de novo* in the circuit court by stipulation of parties upon a transcript thereof, subject to above objections which were made more specific by stipulation of the parties and to right of objection to the competency, relevancy and materiality of all said testimony.

By his pleadings or stipulations, claimant Glenn admitted that the promissory note sued upon was executed and made payable in the State of Colorado on December 1, 1932, due one year after date; that the last credit indorsed thereon was made prior to its due date of December 1, 1933; that said Addie G. McGowan died intestate in Colorado, and while a resident thereof on February 24, 1934; that more than six years had elapsed after the note became due on December 1, 1933, before his claim was filed against the estate of Addie G. McGowan, deceased, in Illinois and before the letters of ancillary administration had been issued therein; that no administration was had nor was any suit filed on the note in the State of Colorado and that claimant Glenn continued thereafter to reside in the State of Colorado until the time of filing his claim against said estate in Illinois.

It was further stipulated that all of the assets of the estate of said Addie G. McGowan accrued to her as devisee and legatee under the last will and testament of her deceased father, John F. Glenn, and that subject only to the payment of her debts and costs of administration, all interests of Addie G. McGowan would pass by descent to objector as her only child and heir.

Claimant contends (a) that the six-year statute of limitations of the State of Colorado is not applicable to nor controlling under the evidence herein; (b) that the running of the statute was tolled by the acts and promises of the objector and (c) that the objector, as sole heir and beneficiary of the assets of the estate of deceased, which were contended to be chargeable with the claim, had acknowledged and promised by letters and in writing to assume and pay said indebtedness, both before and after said six-year period had expired.

On and subsequent to the date of the execution and delivery of the promissory note of Addie G. McGowan to claimant, the following provisions of the Colorado

statute of limitations (sec. 1, ch. 102 C. A. S.) so far as applicable to this case were and still are in full force and effect: "Sec. 1 . . . The following actions shall be commenced in six years next after the cause of action shall accrue and not afterwards; First —All actions of debt founded upon any contract or liability in action. . . . Fourth—All actions of assumpsit, or on the case founded on any contract or liability, express or implied." Chapter 83, par. 21, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 107.280] provides that "when a cause of action has arisen in a state or territory out of the state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action shall not be maintained in this state." The application of the above statute of limitations is succinctly expressed in Horner's Probate Practice and Estates (4th Ed.) 403 in the following language: "If the claim be barred in the state where the deceased was domiciled at the date of his death, it should not be allowed in this state, though presented within the statutory period, the claimant also being a resident of the state of domicile." With claimant's contention that the running of the statute of limitations in the State of Colorado was tolled by the death of the maker of said note on February 24, 1934, until the date of Ancillary administration thereon in the State of Illinois in June 1939, we cannot agree. As is said in *Bonney v. Stoughton*, 122 Ill. 536, 542, 13 N. E. 833, "Where a statute begins to run, it is not arrested by subsequent disability, unless expressly so provided in the statute. So the death of a party debtor will not stop the running of the Statute of Limitations." The statute of limitations having begun to run in the State of Colorado upon the date when the note in question became due, namely: December 1, 1934, which was prior to the date of the maker's death, the fact of her subsequent death on February 24, 1934, did not

stop the running of the six-year statute of limitations in force in that State. Section 22 of the Illinois statute of limitations, *supra,* provides certain exceptions applicable in the case of infants or insane persons; section 23 applies in case of fraudulent concealment of the cause of action; and section 24 of said statute is made applicable in tolling the statute where an order of a judge or court has enjoined or prohibited action thereon. No provision, however, is made for tolling or stopping the running of the statute in case of the death of the debtor as in the instant case, except the provisions of section 19 of said statute, cited by claimant wherein it is provided that ''. . . if a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced against his executors or administrators after the expiration of that time, and within nine months after the issuing of letters testamentary or of administration.''

Appellee Glenn contends that although more than six years had elapsed between the date of said note and the time of granting ancillary letters of administration and filing his claim in Illinois the provisions of said section 19 (*supra*) created a further extension period of nine months thereafter within which the plaintiff might begin his action by filing his claim in Illinois. However, there is no similar provision in the Colorado statute extending the time for filing a claim beyond the six-year-limitation period. On the contrary the Colorado statute (sec. 200, ch. 176, C. A. S.) provides that the running of the statute is not tolled until the claim is actually filed against the estate. *Gordon-Tiger Mining & Reduction Co. v. Loomer,* 50 Colo. 409, 115 Pac. 717. It is further provided by said statute (secs. 75 & 76, ch. 176, C. A. S.) that in the event of failure by a creditor of an estate wherein no letters of administration have

been granted to take out letters of administration therein within two years after the debtor's death, the right of action against said estate is barred. It thus appears that both under the six-year-limitation statute and the limiting period for administration upon the estate by the creditor, the note of appellee was barred under the laws of Colorado, unless some further saving clause is provided by the statutes of that State. It is provided by the above statute (sec. 26, ch. 102, C. A. S.) that after the bar of the statute of limitations, a new promise to renew the cause of action must be in writing whether the promise relates to the same debt is usually a question of fact. *Morrell v. Ferrier,* 7 Colo. 22, 1 Pac. 94; *Blackmore v. Neale,* 15 Colo. App. 49, 60 Pac. 952. Unless the right of action was renewed by written promise of the payor or in this case, by a person legally competent to waive said bar in writing, the bar of the statute is complete. In the instant case, from a consideration of the whole of the evidence appearing in the abstract and record, we are of the opinion that such a promise by the objector was sufficiently evidenced in writing as to constitute a recognition of the debt sued on and a promise expressed therein to pay the same. The assets from the estate of Addie G. McGowan which descend to the objector would be chargeable with the debts of said deceased, if prosecuted within the limited statutory period. Therefore, we hold that a privity between the parties existed whereby a written promise by the objector, after the six-year period had expired, was binding upon her to the extent of her said interest as heir and distributee thereof. Such promise by her, while not binding against the general assets of the estate of the deceased, would be binding against such portion thereof as may so pass from the estate of Addie G. McGowan by descent to the objector, and since all of the residue of said estate is payable to

her as sole distributee, the lower court was not in error in finding that the appellant was entitled to recovery of his claim in Illinois, to be payable in due course of administration; which should, however, be limited to such portion of the assets of said estate so payable to the objecting distributee who was estopped by her written recognition of such claim and written evidence of her intent and promise to so pay to same. In the case of *Lyman v. Zearing,* 187 Ill. App. 361, this court held that, page 369, ''where an heir is the owner of the equity of redemption to a certain interest in land mortgaged by the ancestor, and the heir pays interest on the mortgage note, he thereby admits that the land, so far as his interest in the same is concerned, is burdened at the time of said payment by the mortgage debt; and in a suit to foreclose the mortgage, where the owner of the note seeks only a decree in rem, the heir, or his grantee is precluded from asserting, as a defense, that the said payment of interest did not toll the Statute of Limitations, as to the interest of the said heir in the land.'' No distinction in principle exists between the payment of a credit or a new promise to pay, express or implied, as affecting the removal of the bar of the statute. As is said in *Ziegler v. Tennery,* 23 Ill. App. 133, 135, ''The Supreme Court has decided, 'that a parol promise reviving a debt has the same effect as payment under the statute. It revives or renews the debt, so that the period of limitation commences anew to run from the date of the promise.' '' The same principle necessarily applies where the new promise is required to be and is in writing. Such promise or partial payment, if made, may be before or after the statute has run. As stated in *Kallenbach v. Dickinson,* 100 Ill. 427, 446, ''In either case, if the running of the statute is arrested, it is because of the new promise, express or implied. . . . The same elements of contract must exist in either

case.'' An admission that a debt was due and unpaid, coupled with an assignment in payment thereof after the statutory period had elapsed was deemed sufficient to remove the bar of the statute and to constitute an implied promise to pay by this court in *Woodford County Nat. Bank of El Paso, Ill. v. Conklin,* 292 Ill. App. 53, 10 N. E. (2d) 864. In the recent case of *Fleming v. Yeazel,* 379 Ill. 343, 40 N. E. (2d) 507, it is said concerning the effect of the statute of limitations that, page 345, ''they bar the right to sue to recover but do not extinguish the debt or the property right.'' It is usually designated as a statute of repose, *Patterson v. Ft. Lyon Canal Co.,* 36 Colo. 175, 84 Pac. 807. *Fleming* case, *supra* cites with approval, *Keener v. Crull,* 19 Ill. 189. It was also therein held that the debt, constituting as it does, an unquestioned moral obligation, is a good consideration to support a promise to perform the obligation, and a new promise based upon that moral obligation is binding on the debtor in avoidance of the bar of the statute.

While a plea of the statute of limitations is ordinarily personal to the debtor and cannot be interposed by a stranger, such defense may be set up by an executor, administrator or by an heir when sued on the contract of the intestate or ancestor. The heir is vested with such an interest in the estate as will permit him to contest the allowance of a claim against the same and while he may invoke the statute as a defense, he may also by acknowledgment and a promise to pay the same remove the statutory bar as to his interest in the estate. It was stipulated and agreed by the parties herein that all assets of the mother's estate accrued to objecting appellant as devisee and legatee under the will of John F. Glenn, objector's grandfather.

We hold under the evidence herein that the trial court did not err in overruling appellant's objections and allowing said claim against the estate of Addie

G. McGowan, deceased, payable in due course of administration. The decree of the circuit court of Montgomery county is affirmed.

*Decree affirmed.*