(No. 44486.

TERRY COAN, Appellant, v. CESSNA AIRCRAFT *et al.*, Appellees.

*Opinion filed Jan. 26, 1973.—Rehearing denied March 27, 1973.*

RYAN, J., took no part.

RUTTENBERG & RUTTENBERG, of Chicago (MARVIN H. RUTTENBERG and DAVID W. RUTTENBERG, of counsel), for appellant.

IRVING G. SWENSON, MICHAEL M. LANE, and PETERSON, ROSS, RALL, BARBER & SEIDEL, all of Chicago, for appellee Cessna Aircraft Company.

ROBERT P. TOBIN, and McBREEN & TOBIN, of Chicago, for appellee Carland, Inc.

WILLIAM R. BRANDT and LIVINGSTON, BARG-ER, BRANDT, SLATER & SCHROEDER, of Blooming-ton, for appellee Gene Siebert.

MR. JUSTICE WARD delivered the opinion of the court:

Terry Coan, the plaintiff, and David Barton, who is not a party to this appeal, brought an action in the circuit court of Cook County on September 15, 1970, against Cessna Aircraft; Carland Inc.; and Gene Siebert, individual-ly and as Director of Air Institute and Service, a division of Southern Illinois University, for personal injuries sustained in the crash of a plane the plaintiff was co-piloting. The crash occurred on September 17, 1968, while the plane was attempting to take off from an airport in Paducah, Kentucky.

The trial court allowed the defendants' motions to dismiss the action with prejudice on the ground that under the Illinois "borrowing" statute (Ill. Rev. Stat. 1969, ch. 83, par. 21) the Kentucky statute of limitations, requiring that actions for personal injury be commenced within one year after the cause of action arose, governed the action. The plaintiff had argued that our borrowing statute was applicable only if the parties to a suit were nonresidents of Illinois.

The record shows that the plaintiff and defendant Gene Siebert are clearly residents of Illinois.

Illinois has a two-year statute of limitations for personal injuries (Ill. Rev. Stat. 1969, ch. 83, par. 15), and the filing of suit here was timely if this limitations statute were applicable.

The plaintiff's direct appeal claims that the dismissal of his action under the borrowing statute, which is section 20 of our limitations statute (Ill. Rev. Stat. 1969, ch. 83, par. 21), was a violation of his constitutionally assured rights to due process and equal protection, or, in the alternative, that the circuit court erroneously read our statute.

We need not consider the plaintiff's constitutional complaints, as we consider the court erroneously interpreted and applied the statute. The statute provides:

> "When a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state."

Courts have held that section 20 cannot be read in isolation but must be read together with section 18 (par. 19) of the Limitations Act. (Ill. Rev. Stat. 1969, ch. 83, par. 19; *Davis v. Munie, 235 Ill. 620; Strong v. Lewis, 204 Ill. 35; Wooley v. Yarnell, 142 Ill. 442; Berry v. Krone, 46 Ill. App. 82; Story v. Thompson, 36 Ill. App. 370.*) This conforms to the rule that an entire statute must be considered when the legislative intent is to be ascertained. *People ex rel. School District No. 153 v. Wickham, 29 Ill.2d 550; People v. Ikerd, 26 Ill.2d 573, cert. denied, 374 U.S. 350.*

Section 18 (Ill. Rev. Stat. 1969, ch. 83, par. 19) provides:

> "If, when the cause of action accrues against a person, he is out of the state, the action may be commenced within the times herein limited, after his coming into or return to the state; and if, after the cause of action accrues, he departs from and resides out of the state, the time of his absence is no part of the time limited for the commencement of the action. But the foregoing provisions of this section shall not apply to any case, when, at the time the cause of action accrued or shall accrue, neither the party against nor in favor of whom the same accrued or shall accrue, were or are residents of this state."

Both sections 18 and 20 were enacted in 1872 as parts of the statute of limitations. Ill. Rev. Stat. 1969, ch. 83.

By its terms section 18 is not operative if both parties to a possible action are nonresidents of Illinois. The benefits of the section to a plaintiff are not available if neither party is a resident. If section 20 is read to apply when a resident of Illinois is a party, as the court read it

here, its operation and that of section 18 are in conflict. To illustrate, let us assume that a cause of action arises out of State, but involves parties who are residents of Illinois. If the party against whom the cause of action has arisen leaves Illinois, under section 18 the time of his absence from the State is not to be included in calculating the time limited for the commencement of the plaintiff's action. However, if section 20 is considered as applying to an action when a resident of Illinois is a party, its operation, upon the running of the statute of limitations in the State where the cause of action arose, would conflict with the operation of section 18. Section 20 would not permit an action in Illinois because the statute of limitations of the State where the cause of action arose had run, regardless of whether there had been an absence of the defendant party from Illinois. The plaintiff would be denied the benefit intended by the legislature when it enacted section 18. But it is obviously unreasonable to assume that the legislature would enact at the same time two sections of a statute which were in conflict. This court in *Mann v. Board of Education, 406 Ill. 224, 230,* observed: "It has long been held in this State that sections of the same statute should be construed as being consistent rather than inconsistent and should be interpreted as being *in pari materia.*" It is reasonable to conclude that section 20 was intended to apply only to cases involving nonresident parties.

This conclusion has been reached in other cases. In *Orschel v. Rothschild, 238 Ill. App. 353,* the court explained: "In such a case, that is of diverse residence, it has been held that section 20 does not apply, and that section 20 only applies to cases where both debtor and creditor are nonresidents of this State when the cause of action accrues. The interrelationship of sections 18 and 20 are [*sic*] well set forth by Mr. Justice Wall in the *Berry* case, *supra* [*Berry v. Krone, 46 Ill. App. 82*]. He there says: 'It will be seen that by the second paragraph of section 18, it is provided that the preceding provisions are

not to apply to any case where neither debtor nor creditor resides in the State when the cause of action accrues. Section 20 then applies to the cases not covered by section 18; that is, to cases where both debtor and creditor are nonresidents when the cause of action accrues. It cannot be supposed that the legislature intended by section 20 to nullify and sweep away the provision contained in section 18, and yet this is what has been done unless section 20 is construed to apply only to those cases which are, by the latter clause of section 18, carved out and excepted from its operation.' " Also see *Davis v. Munie, 235 Ill. 620; Strong v. Lewis, 204 Ill. 35; Wooley v. Yarnell, 142 Ill. 442; Delta Bag Co. v. Frederick Leyland & Co., 173 Ill. App. 38; Berry v. Krone, 46 Ill. App. 82; Story v. Thompson, 36 Ill. App. 370.*

We consider that *Sarro v. Maupin, 127 Ill. App. 2d 26,* upon which the defendants rely and which reached a contrary conclusion, was incorrectly decided.

For the reasons given, the judgment of the circuit court of Cook County is reversed and the cause is remanded for proceedings not inconsistent with the views expressed here.

*Reversed and remanded.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.