Harold G. NORMAN, Jr., Plaintiff,

v.

Darwin P. KAL, Defendant.

No. 81 C 652.

United States District Court,
N.D. Illinois, E.D.

March 2, 1982.

Michael L. Weissman and Robert A. Pond, Boorstein & Weissman, Chicago, Ill., for plaintiff.

Paul F. Stack, Stack & Filpi, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McGARR, Chief Judge.

In 1974, an Illinois limited partnership was organized that included plaintiff Harold G. Norman ("Norman") and defendant Darwin P. Kal ("Kal") as limited partners, as well as two other general partners. At all relevant times, Norman was a Florida resident, while Kal resided in Illinois. The purpose of the partnership was to develop a residential apartment building. Financing for this project was provided by a Massachusetts trust company, which demanded a letter of credit from the partnership as a requirement for issuing the construction loan. A $75,000 letter of credit was obtained from a Florida bank, and it was guaranteed by all the partners. Unfortunately for these litigants, the construction project went into default. The Massachusetts company then drew down on the letter of credit.

In 1975, the Florida bank sued on the guaranty of the letter of credit in a Florida state court. In that lawsuit, Norman crossclaimed against Kal for contribution on the amount guaranteed to the bank. Although Kal was served with copies of the pleadings, he never appeared or answered. Norman obtained an order of default against Kal on the crossclaim in June, 1976. On November 15, 1976, Norman executed a promissory note for $90,489.00 in favor of the Florida bank as a full discharge of his obligations under the guaranty. In April, 1978, Norman obtained a final judgment against Kal in the amount of $45,244.83.

Shortly thereafter, Norman attempted to register this judgment in a Cook County Circuit Court. Kal admitted the existence of the Florida judgment, but pleaded the Florida court's lack of personal jurisdiction over him as a defense. The circuit court rejected this argument and entered summary judgment against Kal. However, this judgment was reversed on appeal. *Norman v. Kal,* 88 Ill.App.3d 81, 43 Ill.Dec. 316, 410 N.E.2d 316 (1st Dist.1980). The appellate court agreed that the Florida court did not have either in personam or long arm jurisdiction over Kal, and consequently the default judgment on the crossclaim between Norman and Kal was invalid.

On February 9, 1981, Norman filed the instant equitable action for contribution against Kal. The defendant has moved for an order of summary judgment against Norman on the grounds that this suit is barred either by the applicable statute of

limitations or by the doctrine of laches. For the reasons hereinafter stated, the motion is denied.

■ Since the court's jurisdiction in this case is premised on the diversity of residence of the litigants, the court must decide this controversy as though it were an Illinois state court. *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Kal argues that Norman's cause of action arose in Florida on November 14, 1976, and under Illinois' "borrowing" statute, Ill.Rev.Stat. ch. 83, § 21 (1979), it is barred by a four year Florida statute of limitations, Fla.Stat. § 95.11(3)(k). Section 21 provides that "[w]hen a cause of action has arisen in a state . . . out of this state, . . . and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state."

■ Norman agrees that his right of action arose in Florida and it is the type of claim controlled by Florida's four year statute of limitations. However, Norman disputes the remainder of Kal's allegations on several grounds. Initially, Norman maintains that under Illinois law, the pertinent statute of limitations for common law claims is deemed a procedural question, and therefore Illinois law, rather than Florida law, governs. Although the cases relied on by Norman support that broad proposition, they are inapposite to the present cause. Neither opinion involved section 21 because the foreign statute of limitations in those cases was longer than the Illinois version; section 21 is only operative where, as here, the foreign statute is of shorter duration than Illinois' statute. *See* 1962 Ill.L.F. 452.

Norman next argues that section 21 is inapplicable to this case for two reasons. First, plaintiff states that Kal's argument was previously rejected in *Cook v. Britt,* 81 Ill.App.3d 674, 290 N.E.2d 908 (1st Dist. 1972). Second, Norman contends that section 21 only applies to cases involving nonresidents of Illinois. *Coan v. Cessna Aircraft,* 53 Ill.2d 526, 293 N.E.2d 588 (1973).

In *Cook,* a Georgia plaintiff effected substitute service of process on an Illinois defendant pursuant to a Georgia statute. Subsequently, the Georgia Supreme Court declared the statute unconstitutional, and the suit between those litigants was dismissed. The plaintiff then sued the defendant in Illinois, but the suit was dismissed as time-barred. On appeal, the plaintiff asserted her right to refile the action within one year of a dismissal, as provided in Ill. Rev.Stat. ch. 83, § 24a (1965). The defendant countered that section 21 barred the suit. The appellate court ruled that fundamental fairness and basic justice required that the claim be tried and decided on the merits rather than disposed of on a procedural technicality. The court observed that the plaintiff had rightfully relied on the presumptively constitutional Georgia statute, and that she should not be held responsible for not knowing the statute would be declared unconstitutional. Finally, the court held that section 21 did not apply because the Georgia action was filed in apt time.

It is obvious that the *Cook* decision is not apposite to the case at bar. The apparent holding of *Cook* is that a suit initiated in a forum with jurisdiction over the defendant tolls the forum's statute of limitations even though the court may lose jurisdiction due to a change in the law. That unusual situation is not present here; the Florida court was without jurisdiction over Kal *ab initio. Norman v. Kal,* 88 Ill.App.3d 81, 43 Ill.Dec. 316, 410 N.E.2d 316 (1st Dist.1980). Additionally, the element of good faith reliance on a jurisdictional statute later declared unconstitutional—which motivated the *Cook* court to allow the plaintiff to continue with her lawsuit—is absent here. Thus, the *Cook* opinion has no bearing on this suit.

In *Coan,* the plaintiff filed suit in Illinois for injuries sustained in a Kentucky plane crash. The suit was timely filed under Illinois law, but time-barred under Kentucky law. The Illinois Supreme Court stated that section 21 must be read in conjunction with section 18 of the Limitations Act, Ill. Rev.Stat. ch. 83, § 18 (1979), which tolls Illinois statutes of limitations if the defend-

ant is outside Illinois when the cause of action accrues. However, section 18 is not applicable, by its own terms, where neither the plaintiff nor the defendant were Illinois residents at the time the action accrued. The court explained that if a foreign cause of action involved Illinois residents, and the defendant left Illinois, the time of the defendant's absence from Illinois is subtracted by section 18 from the time permitted for the commencement of the suit. If section 21 also applied, it would not permit an action in Illinois where the foreign statute of limitations had run whether or not the defendant had been absent from Illinois, thereby denying the plaintiff the benefit of section 18 tolling. The supreme court concluded that section 21 was intended to be operative only in cases involving nonresident parties.

To this, Kal responds that the court's subsequent decision in *Haughton v. Haughton,* 76 Ill.2d 439, 31 Ill.Dec. 183, 394 N.E.2d 385 (1979), undercuts the rationale of *Coan.* The *Haughton* court held that the portion of section 18 which limits its application to Illinois residents violated the federal and state equal protection clauses. The court stated that to be lawful, a classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." *Id.* at 445, 31 Ill.Dec. 183, 394 N.E.2d at 388 (citations omitted). The court was unable to discern any rational basis or legitimate state interest served by denying the plaintiff the benefit of the statute's tolling effects solely because both parties were nonresidents.

The court cannot accept Kal's position that *Haughton* undercuts *Coan.* First, *Haughton* never mentioned the *Coan* decision, nor did it imply that *Coan* was being overruled, an unlikely result in view of the short span of time between the decisions. Second, the *Haughton* court struck down the denial of section 18 tolling to nonresidents because there was no rational basis or legitimate state interest for the classification. The *Coan* opinion, however, provided

ample justification for the refusal to apply section 21 to cases involving nonresidents, as previously detailed. The *Coan* court's reconciliation of sections 18 and 21 seems to be rational and apparently serves the legitimate state interest of avoiding a conflict between two state statutes. Finally, the court is reluctant to extend Illinois law into areas where it is not unquestionably meant to extend. *See McKenna v. Ortho Pharmaceutical Corp.,* 622 F.2d 657, 662 (3d Cir.), *cert. denied,* 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980); *Goranson v. Kloeb,* 308 F.2d 655, 656–57 (6th Cir.1962). *Haughton* considered only section 18; *Coan* dealt with the relationship between sections 18 and 21. To accept Kal's argument would be to inject the holding of *Haughton* into a different setting. Since the two opinions are not irreconcilable, it cannot be confidently said that *Haughton* overrules *Coan.*

■ Since Kal resides in Illinois, this case does not solely involve nonresident parties. Therefore, under *Coan,* section 21 is inapplicable, and Florida law is not relevant. Hence, the court must turn to Illinois law to ascertain the appropriate statute of limitations. A five year statutory period for bringing actions on unwritten contracts, express or implied, codified in Ill.Rev.Stat. ch. 83, § 16 (1979), has been held to govern actions for contribution. *Harris v. Buder,* 326 Ill.App. 471, 62 N.E.2d 131 (4th Dist. 1945). Therefore, assuming *arguendo* that Norman's right of action arose on November 15, 1976, this action was timely filed.

Even if section 21 was operative in this case, there remains a question whether the pertinent Florida limitations period was tolled by the defendant's "absence" from the state of Florida. Fla.Stat. § 95.-051(1)(a). Kal maintains that under Florida law, the statute was not tolled unless Norman was prevented from exercising his legal remedy by the pendency of the Florida proceedings. *Fernon v. Itkin,* 476 F.Supp. 1 (M.D.Fla.1977); *DuPont v. Parker & Co.,* 190 So.2d 388 (Fla.Dist.Ct.App.1966). Kal asserts that since he has always been subject to the jurisdiction of this court, the

Florida proceedings did not prevent Norman from exercising his legal remedy in an Illinois tribunal. The defendant thus concludes that the Florida statute was never tolled.

In *Fernon,* the parties were residents of different states, and therefore the federal district court had concurrent jurisdiction with the Florida state court. Since the defendant was doing business in Florida when the plaintiff's cause of action arose, and therefore was amenable to service of process under Florida law, the pendency of a prior Florida state court proceeding did not prevent the pursuit of the federal cause. Consequently, the statute of limitations was not tolled. Similarly, in *DuPont,* the plaintiff initiated a lawsuit in federal court founded on an insurance policy, and later filed suit in state court alleging a breach of an oral contract to procure insurance. The state court noted that the plaintiff was not precluded from bringing an action against the defendant due to the federal action. Hence, the limitations period on the state action was not tolled since the plaintiff was not prevented from exercising his legal remedy by the pendency of other proceedings.

*Fernon* and *DuPont* are both materially distinguishable from the present cause. In those cases, the limitations statute was not tolled because the pendency of prior proceedings did not prevent the plaintiff from obtaining valid service of process on the defendant under Florida law. Thus, the defendant was not "absent" from the state, as contemplated by the tolling statute. *Friday v. Newman,* 183 So.2d 25 (Fla.Dist.Ct. App.1966). In the instant action, however, the Florida court never had jurisdiction over Kal, who therefore was never amenable to valid service of process under Florida law. Additionally, the fact that the defendant may have been validly served in another state, and an action maintained there, was not an issue in either of those decisions.

■ The case *sub judice* is more analogous to *Aviation Credit Corp. v. Batchelor,* 190 So.2d 8 (Fla.Dist.Ct.App.1966), wherein a Florida cause of action accrued against a California resident who had never been in Florida. Nevertheless, the *Batchelor* court held that the limitations statute was tolled while the defendant was out of the state of Florida. Thus, even though Kal was never in Florida after Norman's cause of action arose, his absence from that state tolled the limitations period. The effect is that Norman's cause of action would never terminate so long as Kal was not present in Florida for an aggregate of four years, a result this court finds seemingly at odds with the philosophy behind statutes of limitations. Regardless, "the proper function of the . . . federal court is to ascertain what the state law is, not what it ought to be." *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

■ The final inquiry is, if an Illinois state court were to apply section 21 in this case, would it borrow the tolling provisions as well as the limitations statute. The question is thus phrased since a federal court in a diversity suit is limited to ascertaining and applying the law of Illinois. *Bennet v. Richardson-Merrell, Inc.,* 231 F.Supp. 150, 152 (E.D.Ill.1964). Although this appears to be a novel question in Illinois, never addressed by the state supreme court, this court is not without direction. If the highest state court has not decided an issue, the federal court must then give proper regard to the decisions of intermediate state courts. *Garris v. Schwartz,* 551 F.2d 156, 158 (7th Cir.1977); *Piatchek v. Fairview Reliable Loan, Inc.,* 474 F.Supp. 622, 625 (S.D.Ill.1979).

In *Morrison v. Smart,* 19 Ill.App. 656 (4th Dist.1886), the plaintiff sued on a promissory note executed by the defendant in Ohio. The defendant claimed a set-off of certain amounts, while the plaintiff contended that the counterclaim was barred under Illinois law. The court observed that at the time the note was executed, the counterclaim was time-barred by an Ohio statute, which contained no provision to preserve the claim for the duration of the plaintiff's right of action. The set-off was therefore barred by an Illinois statute of limitations.

In *Glenn v. McDavid,* 316 Ill.App. 130, 44 N.E.2d 84 (3d Dist.1942), the plaintiff filed a claim against a decedent's estate on a Colorado cause of action governed by a six year Colorado statute of limitations. The court stated that unless there was a savings clause under Colorado law, the suit was time-barred in Illinois by section 21.[1] Finding such a provision, the court allowed the action to continue.

From these two cases, the court concludes that if confronted with the issue, an Illinois court would borrow Florida's tolling provisions as well as its limitations statute. In both cases, the Illinois tribunal examined the foreign state's statutes to determine whether the foreign cause of action survived the limitations period. The essential question is thus whether the foreign cause of action is barred by the laws of its state of origin. Since it has been determined that Norman's right of action is not barred by Florida law, indeed the statute of limitations never began to run under Florida's tolling provision, it is likely that an Illinois court would permit the action to be maintained.

Kal's second major argument is that this suit should be barred under the doctrine of laches. In advancing this position, Kal states that due to the passage of time, and as a result of Norman's litigation strategy, it will be impossible to reconstruct important factual events which affect Kal's liability to Norman. Specifically, Kal has proffered a transcript of testimony given by Norman on October 27, 1978, which indicates an inability on the part of plaintiff to recall whether his wife had signed the guaranty of the letter of credit. Kal attributes this loss of memory to Norman's failure or refusal to promptly institute suit against Kal in a proper forum, and maintains that the memory lapse will prejudice defendant's ability to establish his affirmative defense that Norman altered the guaranty after Kal had signed it by deleting the page on which plaintiff's wife was to sign as a co-guarantor.

The court rejects this contention for several reasons. First, Kal cites Fla. Stat. § 95.11(6), a codification of the doctrine of laches, which provides that "[l]aches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter...." Since it has already been determined that this action was properly commenced under the limitations laws of both Illinois and Florida, this statute is not applicable. Second, although Kal may have established that Norman's memory of certain events had faded by October, 1978, Kal has not shown that Norman's memory would have been any better had plaintiff commenced this action in Illinois immediately upon the accrual of his cause of action. Norman's diminution of recall between November, 1976, when the cause of action allegedly arose, and October, 1978, when his testimony was taken, is a material question of fact which precludes summary judgment in favor of Kal. Fed.R.Civ.P. 56(c). Kal has not shown that Norman unreasonably delayed in bringing this action, or that he has been materially prejudiced by any delay. *Murphy v. Rochford,* 55 Ill.App.3d 695, 13 Ill.Dec. 543, 371 N.E.2d 260 (1st Dist. 1977).

In conclusion, the court finds that this action was timely filed under either Illinois or Florida law. In addition, the doctrine of laches is not available to Kal in this suit. Therefore, defendant's motion for summary judgment is denied.

---

**1.** The plaintiff in *Glenn* also argued that an Illinois statute provided an additional nine months after letters testamentary were issued to bring an action which existed prior to the death of the decedent against the executors of the estate even though the limitations period on the claim had run. The court rejected this argument because there was no comparable provision under Colorado law. This indicates that an Illinois court would reject Norman's contention that he had a right to refile this cause within one year of the reversal by the Illinois Appellate Court, pursuant to Ill.Rev. Stat. ch. 83, § 24a (1979), since a comparable provision does not exist under Florida law.