**Marsha HOLLINS, et al., Plaintiffs,**

v.

**YELLOW FREIGHT SYSTEM, INC., Defendant.**

**No. 84 C 1982.**

United States District Court, N.D. Illinois, E.D.

July 27, 1984.

**1024**

John J. Corbett, Levinson, Zenner & Associates, Chicago, Ill., for plaintiffs.

Brent J. Graber, John M. Duczynski and J. Richard Childers, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

This is a personal injury action. Defendant Yellow Freight System, Inc.[1] has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), on the ground that plaintiffs' action is time-barred. Because the parties have attached to their pleadings affidavits, and because we have considered these affidavits, we construe defendant's motion as one for summary judgment. *See* Fed.R.Civ.P. 12(c).

## BACKGROUND

On March 10, 1981, plaintiffs Marsha and Frank Hollins were allegedly injured when a car they were riding in collided with a truck operated by defendant's agent in Hammond, Indiana. On May 28, 1982, 14½ months after the collision, plaintiffs filed suit in the Circuit Court of Cook County. On January 11, 1983, the Hollins' lawsuit was dismissed voluntarily. On January 10,

---

**1.** In an order dated May 10, 1984, we dismissed the other two defendants named by plaintiffs, the company that owned the truck with which plaintiffs collided and the driver of the truck, for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2).

1984, within one year of the voluntary dismissal but nearly three years after the accident, plaintiffs refiled the complaint in the Circuit Court of Cook County. Defendant removed the action to this court under 28 U.S.C. §§ 1441 and 1446.

Defendant now contends that pursuant to the Illinois "borrowing act," Ill.Rev.Stat. ch. 110, ¶ 13–210 ("§ 13–210"), we should apply Indiana's personal injury statute of limitations to determine whether plaintiffs' action was timely filed. Defendant concludes that the action was not timely filed under Indiana law and urges that we dismiss the lawsuit.

Plaintiffs argue in response that the Illinois borrowing act is inapplicable because defendant is an Illinois resident. According to plaintiffs, the Illinois rather than the Indiana statute of limitations therefore controls, and the action was timely filed under the Illinois limitations provisions. In the alternative, plaintiffs argue that even if the Indiana statute controls and bars this action, defendant is estopped from relying on the limitations defense.

Thus, we must determine (1) which state's limitations provisions control this case; (2) whether the action was timely filed under the relevant provisions; and (3) whether in any event the defendant is equitably estopped from asserting the statute of limitations.

## I. WHICH STATE'S STATUTE OF LIMITATIONS GOVERNS?

█ Since our jurisdiction in this case rests on diversity of citizenship, we must decide the issues presented as though we were an Illinois state court. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941).

█ The Illinois borrowing act provides:

§ 13–210. **Foreign limitation.** When a cause of action has arisen in a state or territory out of this State, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this State.

Illinois courts apply § 13–210 and borrow another state's statute of limitations only where: (a) none of the parties are Illinois residents, *see Miller v. Lockett*, 98 Ill.2d 478, 75 Ill.Dec. 224, 457 N.E.2d 14 (1983); *Coan v. Cessna Aircraft*, 53 Ill.2d 526, 293 N.E.2d 588 (1973); *Panchinsin v. Enterprise Companies*, 117 Ill.App.3d 441, 72 Ill.Dec. 922, 453 N.E.2d 797 (1st Dist. 1983);[2] and (b) the foreign statute of limitations is shorter than that of Illinois, *see Williams v. Fulton County Jail*, 575 F.Supp. 306, 308 n. 3 (N.D.Ill.1983); *Norman v. Kal*, 550 F.Supp. 736, 738 (N.D.Ill. 1982); Comment, *Foreign Statute Of Limitations: Borrowed Only To Shorten The Period Of Limitations Of The Forum*, 1962 U.Ill.L.F. 452. Thus, if either party to this lawsuit is an Illinois resident, or if the Indiana statute of limitations is not shorter than the parallel Illinois provision, we may not borrow Indiana's statute and we will apply that of Illinois.

### A. Is Either Party A Resident of Illinois?

Plaintiffs, who are not residents of Illinois, argue that defendant is a "resident" as that term is used in interpreting and applying the borrowing act. Plaintiffs' argument is premised on the facts that defendant, a foreign corporation, is licensed to do business in Illinois and is subject to the jurisdiction of courts sitting here.

Although the borrowing act does not define resident,[3] plaintiffs suggest that we adopt the definition of resident utilized in

---

**2.** Federal courts that have interpreted the borrowing act have also held that the act is inapplicable where any of the parties is an Illinois resident. *See, e.g., Williams v. Fulton County Jail*, 575 F.Supp. 306, 308 (N.D.Ill.1983); *Nutty v. Universal Engineering Corp.*, 564 F.Supp.

1459, 1461 (S.D.Ill.1983); *Norman v. Kal*, 550 F.Supp. 736, 739 (N.D.Ill.1982).

**3.** This omission is readily explainable; the "residency" restriction was not originally provided for in the act, but has been read into it by the state courts.

the Illinois Tolling Act, Ill.Rev.Stat. ch. 110, ¶ 13–208. The tolling act provides that "no person shall be considered to ... reside outside of the State during any period when he or she is subject to the jurisdiction of the courts of this State with respect to that cause of action...."

■ We reject plaintiffs' suggestion. The tolling act is entirely inapplicable to this case, as it is directed at situations in which a defendant has fled the jurisdiction in an effort to run the statute of limitations. Further, the tolling act expressly states that its residency definition is "for purposes of" the act only. In short, we do not believe that the Illinois legislature intended to provide a general definition of corporate residency in enacting the tolling act. *Cf. Thornton v. Nome and Sinook Co.*, 260 Ill.App. 76, 82–83 (1st Dist.1931).[4]

■ We believe that absent a specific statutory provision or state court decision defining corporate residency for borrowing act purposes, we must apply—as would the state courts—the general common law approach to corporate residency.

■ Under the common law, a corporation is considered a resident only of the state(s) in which it is incorporated, and not of all states in which it is licensed to do business or subject to the jurisdiction of the local courts. 8 W. Fletcher, Cyclopedia Of The Law Of Corporations § 4025 (rev. perm ed. 1982); *People Ex rel. Compagnie Nationale v. Giliberto*, 74 Ill.2d 90, 102, 23 Ill.Dec. 106, 110, 383 N.E.2d 977, 981 (1978), *cert. denied*, 441 U.S. 932, 99 S.Ct. 2052, 60 L.Ed.2d 660 (1979) ("The domicile of a corporation is customarily regarded as the place where it was incorporated ....").[5] It is undisputed that defendant is not incorporated in Illinois. Accordingly, and despite the fact that defendant is amenable to jurisdiction in this state, defendant is not a "resident" of Illinois for purposes of the borrowing act.[6] Because neither party is an Illinois resident, we must apply the Indiana statute of limitations if it is shorter than that of Illinois.

**B. Is Indiana's Statute of Limitations Shorter Than Illinois'?**

■ Indiana's statute of limitations, Ind. Code § 34–1–2–2, provides a two year filing period for personal injury actions. The Illinois statute of limitations also allows personal injury plaintiffs two years to file suit. Ill.Rev.Stat. ch. 110 ¶ 13–202. At first glance then, it would appear that Indiana's statute is no shorter than Illinois', and that it would make no difference in this case which state's statute applies. It is by now clear, however, that when statutes of limitation are borrowed, accompanying tolling and/or savings provisions are also borrowed. *See, e.g., Speight v. Miller*, 437 F.2d 781, 783 n. 4 (7th Cir.), *cert. denied*, 404 U.S. 827, 92 S.Ct. 60, 30 L.Ed.2d 55 (1971) (when a foreign limitations provision is borrowed, also borrow "all its accouterments," *quoting American Surety Com-*

---

**4.** We note that the legislature has provided special definitions of corporate residency for purposes of various other state acts. The Illinois Code of Civil Procedure, for example, provides that for purposes of venue a corporation is a resident of any county in which it has an office or does business. Ill.Rev.Stat. ch. 110, ¶ 2–102(a). The Illinois Motor Vehicle Code, on the other hand, sets forth that for its purposes a corporation is a resident of this state if it is incorporated or has its principal place of business here. Ill.Rev.Stat. ch. 95½, § 1–173.

**5.** *See also Thornton v. Nome and Sinook Co.*, 260 Ill.App. 76, 83 (1st Dist.1931):

[F]oreign corporations operating in Illinois and subject to process in this State, may be considered as residents of Illinois only in so far as they are amenable to service within the State the same as a domestic corporation, and that since process must be accepted by them, they also share the privilege with domestic corporations, of pleading the statute of limitations. To give any broader meaning ... would result in the anomaly of holding that a corporation, doing business in numerous States may have a residence in every State where it operates, which is contrary to sound reason and the almost unanimous rule that a corporation can have but one residence, that being the State of its creation.

**6.** Even were we to consider a corporation also a resident of the state in which it has its principal place of business, defendant would not qualify as a resident; its principal place of business is in Kansas.

*pany Of New York v. Gainfort,* 219 F.2d 111, 112 (2nd Cir.1955)). *See also Norman v. Kal, supra,* 550 F.Supp. at 740–41; Comment, *Foreign Statute Of Limitations, supra,* 1962 U.Ill.L.F. at 454.

This "tandem borrowing" doctrine is particularly relevant in this case. Although both Illinois and Indiana have two year filing periods for personal injury actions, the Illinois Code of Civil Procedure also contains a "savings" provision allowing plaintiffs who have voluntarily dismissed actions that were timely filed to refile the action within one year of the voluntary dismissal "whether or not the time limitation for bringing such action expires during the pendency of such action." Ill.Rev.Stat. ch. 110, ¶ 13–217 ("§ 13–217").[7] Under § 13–217, plaintiffs' action would not be barred by the Illinois statute of limitations because the initial filing—even though it was later voluntarily dismissed—was made within two years of the collision, and the refiling was effected within one year of the initial filing. The effect of § 13–217, then, is to give plaintiffs in this case what amounts to a filing period which is longer than two years.

▪ Indiana also has a "savings" clause, Ind.Code § 34–1–2–8. That clause provides:

If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five (5) years after such determination, and be

deemed a continuation of the first, for the purposes herein contemplated.

As interpreted by the Indiana courts, however, this section does not save actions that are voluntarily dismissed. *Ferdinand Furniture Co., Inc. v. Anderson,* 399 N.E.2d 799, 803 (Ind.App. 2d Dist.1980). Indiana courts consider that a judgment of voluntary dismissal leaves the parties as if suit had never been brought, so the statute of limitations is not tolled by the pendency of such a suit. *Board of Comm'rs of Cass County v. Nevitt,* 448 N.E.2d 333, 339 n. 5 (Ind.App. 4th Dist.1983). Under the Indiana provisions, plaintiffs' present action would not be deemed timely filed.

▪ Thus, when considered in conjunction with its savings clause, the Indiana statute of limitations effectively provides plaintiffs with a shorter time in which to bring this personal injury action than does the Illinois limitations provision.

Accordingly, all of the requirements for application of the Illinois borrowing statute are met. The cause of action arose in Indiana, neither of the parties are Illinois residents for purposes of borrowing act analysis, and the Indiana statute of limitations, when considered with the accompanying savings clause, is shorter than that of Illinois. We therefore must give effect to the borrowing act, and determine the timeliness of this action under Indiana, and not Illinois, law.

## II. WAS PLAINTIFFS' ACTION TIMELY FILED UNDER THE INDIANA STATUTE?

As discussed above, the Indiana personal injury statute of limitations is two years.

---

7. Section 13–217 provides:

§ 13–217. Reversal or dismissal. In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for

lack of jurisdiction, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction.

Because plaintiffs' present action, filed on January 10, 1984, was filed more than two years after the collision, and as no savings clause works to limit the effect of the statute of limitations, this action is time-barred.[8]

## III. IS THE DEFENDANT EQUITABLY ESTOPPED FROM ASSERTING THE STATUTE OF LIMITATIONS?

Plaintiffs contend that even if their action is time-barred, they should nevertheless be allowed to proceed because defendant has no right to assert the statute of limitations defense. Plaintiffs argue that defendant "engaged in a course of conduct that led the Plaintiffs into a reasonable belief that this case would be settled without the refiling of the suit." Response To Defendant's Motion For Judgment On The Pleadings, at 5. Specifically, plaintiffs assert that defendant's attorneys told plaintiffs' attorneys that defendant was willing to settle the case for $6,000.00 to $7,000.00, and that defendant's attorneys would get back to plaintiffs with the precise amount agreed to. Affidavit of Patterson Carl Meuth, at ¶ 3. Plaintiffs claim that they refrained from filing suit based on these representations. Id. at ¶ 4.

Defendant, on the other hand, contends that its attorneys had only engaged in settlement negotiations with plaintiffs, that no settlement was ever agreed to as plaintiffs' attorneys never indicated that $6,000.00 to $7,000.00 would be an acceptable settlement, that plaintiffs in fact never demanded less than $12,000.00 in settlement, and that defendant's attorneys never suggested to plaintiffs' attorneys that the latter not file suit and never agreed to waive a stat-

ute of limitations defense. *See* Defendant's Reply In Support Of Its Motion For Judgment On The Pleadings, at 4; Affidavit of John M. Duczynski.

■■■■ Indiana substantive law, which applies to this case under the Illinois choice of law rules, *see Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1970), *McIntosh v. Magna Systems, Inc.*, 539 F.Supp. 1185 (N.D.Ill.1982), recognizes that parties may in certain circumstances be estopped from raising a statute of limitations defense. *See, e.g., Martin v. Levinson*, 409 N.E.2d 1239, 1242–43 (Ind.App. 3d Dist.1980). Equitable estoppel will only be invoked, however, where a defendant made statements during the course of settlement negotiations which were calculated to lull the plaintiff into inaction and to induce a reasonable belief that the claim would be settled without suit. *Id.* The mere willingness of a defendant to discuss settlement before the expiration of the statute of limitations is insufficient to warrant estoppel. *Collins v. Dunifon*, 163 Ind.App. 201, 323 N.E.2d 264 (3d Dist.1975).[9]

Having reviewed the affidavits filed by the parties, we cannot say that plaintiffs have managed to raise a genuine issue of material fact regarding whether defendant should be estopped from asserting the statute of limitations. The most that can be gleaned from the affidavit of plaintiffs' former attorney, Patterson Carl Meuth,[10] is that on one occasion within two months of the running of the statute of limitations, defendant's attorney informed Meuth that a concrete settlement offer would be forthcoming. As defendant points out, however, there is no indication in Meuth's affi-

---

**8.** Even if it could somehow be said that the Indiana statute of limitations was tolled during the time the first complaint was on file in Illinois, plaintiffs' second complaint would still be untimely. Fourteen and one-half months passed between the time of the collision and the filing of the first complaint. Nearly twelve more months passed between the time the first complaint was dismissed and the second complaint filed. Because no Indiana act "saves" the complaint for the time when it was not on file, over two years of "unsaved" time elapsed.

**9.** Illinois substantive law regarding equitable estoppel and assertion of the statute of limitations is similar to that of Indiana. *See, e.g., Myers v. Centralia Cartage Co.*, 94 Ill.App.3d 1139, 50 Ill.Dec. 357, 419 N.E.2d 465 (1st Dist.1981).

**10.** The affidavit of Terry Hepp does not add anything to plaintiffs' case; that affidavit is derivative, as it sets forth only that Hepp refrained from filing suit based on information he learned from Meuth, and not based on any contact he had with defendant or its attorneys.

davit that he or plaintiffs ever agreed to accept any specific amount in settlement, or even that they looked favorably upon defendant's attorney's suggestion that "he could get $6,000 to $7,000 to settle the case...." Meuth Affidavit, ¶ 3. There is no attempt to explain why, as time was running out and no offer was forthcoming, suit was not filed. Plaintiffs' attorneys made no further inquiry before the statute ran, and apparently there was no communication at all between counsel after the conversation referred to above. On its face, then, Meuth's affidavit does not set forth facts that would support a ruling that defendant may be equitably estopped from asserting its statute of limitations defense.[11]

It appears to the court that plaintiffs' failure to file this action in a timely manner resulted not from any justifiable reliance on the statements or actions of defendant or its attorneys, but instead, regrettably, from the neglect of plaintiffs' own attorneys. If plaintiffs have a remedy in this case, that remedy would seem to be a malpractice suit against their attorneys. *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir.1981).

Accordingly, defendant's motion for summary judgment is granted, and we order that this action be dismissed.

---

11. It is interesting to note that in plaintiffs' response to defendants' motion to dismiss for lack of jurisdiction, ruled on earlier by this court, *see* n. 1, *supra*, plaintiffs stated "[p]rior to filing this matter [we] had been attempting to work out a settlement in this matter. The attorneys for the Defendant's [sic] continuously told the Plaintiff's [sic] attorneys that they would get back to them with an offer. The day after the defense attorneys informed the Plaintiff's [sic] attorneys that they have [sic] decided not to make an offer, this case was refiled in the Circuit Court of Cook County." Response to Motion to Dismiss for Lack of Jurisdiction, at 4. This reference appears to make clear that the conduct of defendant and its attorneys did not go beyond the mere negotiation stage.